Markman, J.
We granted leave to appeal to consider whether the medical malpractice noneconomic damages cap, MCL 600.1483(1), applies to a wrongful death *161 action where the underlying claim is medical malpractice. The jury awarded plaintiff $10 million in noneconomic damages. The trial court denied defendants’ motion for remittitur or a new trial, concluding that the medical malpractice noneconomic damages cap does not apply to wrongful death actions. The Court of Appeals affirmed. Because we conclude that the medical malpractice noneconomic damages cap does apply to wrongful death actions where the underlying claim is medical malpractice, we reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals for consideration of the constitutional issues raised by plaintiff that were not resolved by the Court of Appeals in light of its analysis of the statutory issue.
I. FACTS AND PROCEDURAL HISTORY
Plaintiff brought this wrongful death action against defendants, seeking to recover damages for the death of her mother that allegedly resulted from defendants’ medical malpractice. Plaintiffs decedent began treating with defendant Dr. Jayesh Patel shortly after being hospitalized for a stroke. Plaintiff contends that Dr. Patel negligently managed the decedent’s renal disease and hypertension, which ultimately led to her death. Plaintiff sought damages for the loss of society and companionship sustained by the decedent’s seven children and seven siblings. The jury awarded plaintiff $10 million in noneconomic damages.
Defendants filed a motion for remittitur or for a new trial, arguing that the medical malpractice noneconomic damages cap, MCL 600.1483(1), requires a reduction in the damage award, and, in the alternative, that the award is excessive. The trial court held that the medical malpractice noneconomic damages cap does not apply to wrongful death actions. The trial judge further *162 held that, although the award is excessive, he could not determine an appropriate amount of damages because he was not personally present at the trial to hear the testimony of the witnesses and judge their credibility.[1] Therefore, he let the jury’s $10 million verdict stand. In a published decision, the Court of Appeals affirmed the trial court’s decision that the medical malpractice non-economic damages cap does not apply to wrongful death actions.[2] The Court of Appeals, however, remanded the case to the trial court, holding that the trial court, having found the award to be excessive, must either set a remittitur amount or grant a new trial on damages only.[3] One of the judges on the panel wrote a concurring opinion to emphasize her belief that the language of the wrongful death act precludes application of the medical malpractice noneconomic damages cap. We granted defendants’ application for leave to appeal.[4]
II. STANDARD OF REVIEW
Whether the medical malpractice noneconomic damages cap, MCL 600.1483(1), applies to a wrongful death action where the underlying claim is medical malpractice is an issue of statutory interpretation, which is a question of law that this Court reviews de novo. Morales v Auto-Owners Ins Co (After Remand), 469 Mich 487, 490; 672 NW2d 849 (2003).
*163 hi. ANALYSIS
MCL 600.1483, also referred to as the medical malpractice noneconomic damages cap, provides, in pertinent part:
(l)In an action for damages alleging medical malpractice by or against a person or party, the total amount of damages for noneconomic loss recoverable by all plaintiffs, resulting from the negligence of all defendants, shall not exceed $280,000.00 unless, as the result of the negligence of 1 or more of the defendants, 1 or more of the following exceptions apply as determined by the court pursuant to section 6304, in which case damages for noneconomic loss shall not exceed $500,000.00:
(a) The plaintiff is hemiplegic, paraplegic, or quadriplegic resulting in a total permanent functional loss of 1 or more limbs caused by 1 or more of the following:
(1) Injury to the brain.
(ii) Injury to the spinal cord.
(b) The plaintiff has permanently impaired cognitive capacity rendering him or her incapable of making independent, responsible life decisions and permanently incapable of independently performing the activities of normal, daily living.
(c) There has been permanent loss of or damage to a reproductive organ resulting in the inability to procreate.
(2) In awarding damages in an action alleging medical malpractice, the trier of fact shall itemize damages into damages for economic loss and damages for noneconomic loss.
(3) As used in this section, “noneconomic loss” means damages or loss due to pain, suffering, inconvenience, physical impairment, physical disfigurement, or other non-economic loss.
The wrongful death act, MCL 600.2922, provides, in pertinent part:
*164 (1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensured, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances that constitute a felony.
(2) Every action under this section shall be brought by, and in the name of, the personal representative of the estate of the deceased person ....
(6) In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.
There is no common-law right to recover damages for a wrongfully caused death. Instead, the wrongful death act provides the exclusive remedy under which a plaintiff may seek damages for a wrongfully caused death. Courtney v Apple, 345 Mich 223, 228; 76 NW2d 80 (1956). That does not mean, however, that the wrongful death act is the only act that is applicable in a wrongful death action. For instance, the medical malpractice statute of limitations, MCL 600.5838a, applies to wrongful death actions where the underlying claim is medical malpractice because “in all actions brought under the wrongful death statute, the limitations pe *165 riod will be governed by the provision applicable to the liability theory of the underlying wrongful act.” Hawkins v Regional Medical Laboratories, PC, 415 Mich 420, 436; 329 NW2d 729 (1982); Waltz v Wyse, 469 Mich 642; 677 NW2d 813 (2004). Additionally, actions brought under the wrongful death act “accrue as provided by the statutory provisions governing the underlying liability theory . ...” Hawkins, supra at 437. Accordingly, when the underlying claim is medical malpractice, the medical malpractice accrual statute, MCL 600.5838a, applies to a wrongful death action. Further, this Court has recently applied the medical malpractice notice of intent requirement of MCL 600.2912b, the medical malpractice tolling provision of MCL 600.5856(d), the medical malpractice affidavit of merit requirement of MCL 600.2912d, and the medical malpractice expert witness qualification requirements of MCL 600.2169(l)(a) to wrongful death actions. Waltz, supra; Grossman v Brown, 470 Mich 593; 685 NW2d 198 (2004); Halloran v Bhan, 470 Mich 572; 683 NW2d 129 (2004).[5]
Clearly, the wrongful death act is not the only act that is pertinent in a wrongful death action. “The mere fact that our legislative scheme requires that suits for tortious conduct resulting in death be filtered through the so-called ‘death act’, MCL 600.2922; MSA 27A.2922, does not change the character of such actions except to expand the elements of damage available.” Hawkins, supra at 436. That is, a wrongful death action grounded *166 in medical malpractice is a medical malpractice action in which the plaintiff is allowed to collect damages related to the death of the decedent.
The statute at issue here, MCL 600.1483, specifically provides that it applies to “an action for damages alleging medical malpractice ... .”[6] Plaintiffs action is clearly an “action for damages alleging medical malpractice . .. .” Section 1483(1). This fact is undisputed. Although the Court of Appeals recognized that “§ 1483 applies in an action for damages alleging medical malpractice, and that the case before us, with respect to the subject matter from which the negligence arose, is such an action,” Jenkins v Patel, 256 Mich App 112, 122; 662 NW2d 453 (2003), it went on to conclude that “the Legislature did not intend [§ 1483’s noneconomic] damages cap to limit those damages in a wrongful-death, medical-malpractice action.” Id. at 125-126. It reached this conclusion on the basis that § 1483(3)’s definition of “noneconomic loss” does not specifically include losses related to wrongful death, such as loss of society and companionship.
Section 1483(3) defines “noneconomic loss” as “damages or loss due to pain, suffering, inconvenience, physical impairment, physical disfigurement, or other noneconomic loss.” The wrongful death act, MCL 600.2922(6), specifically provides that “the loss of the *167 society and companionship of the deceased” is an available remedy in a wrongful death action. The Court of Appeals concluded that the damages referred to in § 1483(3) “relate to damages sustained by an individual surviving plaintiff rather than damages sustained by next of kin in a wrongful-death action ....” Jenkins, supra at 124. Thus, the Court of Appeals concluded that § 1483 is not meant to limit damages that a next of kin would seek for his own suffering, such as loss of society and companionship.
The Court of Appeal’s reasoning is flawed, in our judgment, because it fails to give meaning to all the words of the statute and “[c]ourts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory.” State Farm Fire & Cas Co v Old Republic Ins Co, 466 Mich 142, 146; 644 NW2d 715 (2002). If the definition of “noneconomic loss” in § 1483(3) does not encompass damages sought by a next of kin under the wrongful death act for his own suffering, as the Court of Appeals concluded, then such definition also would not encompass such damages when sought by a next of kin of a plaintiff who survived the medical malpractice. If that is so, then the Legislature’s specific directive that § 1483 limits the total damages recoverable by “all plaintiffs” means nothing. However, this language has to mean something. In our judgment, the “all plaintiffs” language means that the plaintiff who most directly suffered from the medical malpractice is not necessarily the only plaintiff in a medical malpractice action. Rather, the “plaintiffs” next of kin may also be plaintiffs in a medical malpractice action and they may seek damages for the losses that they have suffered as a result of the medical malpractice, such as the loss of society and companionship. Blackwell v Citizens Ins Co of America, 457 Mich *168 662, 664 n 1; 579 NW2d 889 (1998)(a plaintiffs husband’s loss of consortium claim is derivative of the plaintiffs medical malpractice claim).
Furthermore, § 1483(3)’s definition of “noneconomic loss” is not limited to “damages or loss due to pain, suffering, inconvenience, physical impairment, [and] physical disfigurement. . . .” Rather, § 1483(3) specifically includes within the definition of “noneconomic loss” all the things mentioned above and “other non-economic loss.” Therefore, just because a noneconomic loss, such as loss of society, is not specifically listed under § 1483(3), does not mean that it is not a covered noneconomic loss. Section 1483(2) directs the trier of fact to “itemize damages into damages for economic loss and damages for noneconomic loss.” Noneconomic damages are subject either to the $280,000 cap or the $500,000 cap, while economic damages are not subject to either of these caps.[7] Damages awarded in an action for medical malpractice can obviously only be economic or noneconomic. The damages awarded in this case for loss of society and companionship are clearly noneconomic damages. Rusinek v Schultz, Snyder & Steele Lumber Co, 411 Mich 502, 504-505; 309 NW2d 163 (1981)(loss of consortium, which is defined as including loss of society and companionship, is a noneconomic loss). This fact is undisputed. Accordingly, we agree with defendants that § 1483’s definition of “noneconomic losses,” which includes “other noneconomic loss,” includes noneconomic losses not specifically listed, including those sought by plaintiffs next of kin *169 for their own pain and suffering. Otherwise, a plaintiffs next of kin would not be able to recover for such things as loss of consortium, loss of society, and loss of companionship in a medical malpractice action, and, as discussed above, a medical malpractice plaintiffs next of kin can most certainly recover such damages. See Blackwell, supra.
Further support for our conclusion that the medical malpractice noneconomic damages cap applies to a wrongful death action where the underlying claim is medical malpractice can be found in the allocation of liability statute, MCL 600.6304. Section 1483(1) refers expressly to § 6304, stating that if the court determines, pursuant to § 6304, that one of the enumerated exceptions apply, then the $500,000 cap, rather than the $280,000 cap, is applicable. Section 6304 provides, in pertinent part:
(1) In an action based on tort or another legal theory-seeking damages for personal injury, property damage, or wrongful death .. . the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:
(a) The total amount of each plaintiffs damages.
(b) The percentage of the total fault of all persons that contributed to the death or injury ....
(3) The court shall determine the award of damages to each plaintiff in accordance with the findings under subsection (1), subject to any reduction under subsection (5).. . and shall enter judgment against each party, including a third-party defendant.....
*170 (5) In an action alleging medical malpractice, the court shall reduce an award of damages in excess of 1 of the limitations set forth in section 1483 to the amount of the appropriate limitation set forth in section 1483. The jury shall not be advised by the court or by counsel for either party of the limitations set forth in section 1483 or any other provision of section 1483. [Emphasis added.]
Section 6304(1), requiring the jury to allocate fault among all persons, expressly applies to wrongful death actions, because it explicitly states, “In an action based on . .. wrongful death . . . .” Section 6304(3) then requires the court to reduce the plaintiffs award in all subject actions, including wrongful death actions, according to the jury’s allocation of fault and subject to any reduction required under subsection 5. As noted above, subsection 5 is the subsection requiring the court to apply the noneconomic damages cap of § 1483. Thus, subsection 3 of § 6304 incorporates the noneconomic damages cap of § 1483 into wrongful death actions by ensuring that in any action subject to § 6304, expressly including wrongful death actions, the court will reduce the plaintiffs verdict both on the basis of the allocation of fault and on the basis of § 1483 — the noneconomic damages cap for medical malpractice cases.[8]
*171 Plaintiff argues that the wrongful death act expressly precludes application of the medical malpractice noneconomic damages cap to wrongful death actions. As noted above, MCL 600.2922(6) provides, in pertinent part:
In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.
Plaintiff argues that this provision governs damages in wrongful death claims, in such a manner that other provisions are rendered inapplicable. However, this Court has held that other statutory and common-law limitations on the amount of damages apply to wrongful death actions. For instance, comparative negligence principles and the collateral source setoff rule, MCL 600.6303(1), apply to wrongful death actions. Solomon v Shuell, 435 Mich 104; 457 NW2d 669 (1990); Rogers v Detroit, 457 Mich 125; 579 NW2d 840 (1998), overruled on other grounds by Robinson v Detroit, 462 Mich 439; 613 NW2d 307 (2000).[9]
Contrary to plaintiffs contention, § 1483 and § 2922(6) are not incompatible. Notwithstanding § 1483, in accordance with § 2922(6), “[i]n every action under” the wrongful death act, “the court or jury may award damages as the court or jury shall consider fair *172 and equitable,” including “reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.” Only after the court or jury has, in its discretion, awarded damages as it considers fair and equitable does the court, pursuant to § 6304(5), apply the noneconomic damages cap of § 1483. This is made explicitly clear in § 6098(1), which states:
A judge presiding over an action alleging medical malpractice shall review each verdict to determine if the limitation on noneconomic damages provided for in section 1483 applies. If the limitation applies, the court shall set aside any amount of noneconomic damages in excess of the amount specified in section 1483.
Section 6304(5) similarly provides:
In an action alleging medical malpractice, the court shall reduce an award of damages in excess of 1 of the limitations set forth in section 1483 to the amount of the appropriate limitation set forth in section 1483. The jury shall not be advised by the court or by counsel for either party of the limitations set forth in section 1483 or any other provision of section 1483.
Although § 1483 reduces the damages awarded by the trier of fact, it does nothing to impinge upon the trier of fact’s ability to determine an amount that is “fair and equitable.” That is, § 1483 does not diminish the ability of the trier of fact to render a fair and equitable award of damages; it merely limits the plaintiffs ability to recover the full amount awarded in cases where the cause of action is based upon medical malpractice and the amount exceeds the cap. See Phillips v Mirac, Inc, 470 Mich 415; 685 NW2d 174 (2004).
*173 As the Court of Appeals in Zdrojewski v Murphy, 254 Mich App 50, 76; 657 NW2d 721 (2002), quoting Phillips v Mirac, Inc, 251 Mich App 586, 594; 651 NW2d 437 (2002), aff'd 470 Mich 415; 685 NW2d 174 (2004), explained when it held that the noneconomic damages cap does not violate a plaintiffs right to a jury trial, the noneconomic damages cap “ ‘does not impinge on a jury’s right to ... determínete]... the amount of damages ... incurred.’ ” Instead, it “ ‘only limits the legal consequences of the jury’s finding.’ ” That is, “ ‘[o]nce the jury has reached its verdict, the trial judge merely enters a judgment on the verdict that is consistent with the law.’ ” Zdrojewski, supra at 76-77. “Plaintiff was able to try this case in front of a jury that rendered a verdict awarding plaintiff damages. Because MCL 600.6304(5) prohibits the trial court from informing the jury of the noneconomic damages limitation of MCL 600.1483, the jury rendered its damages award on the basis of the facts of the case, unaware of the limitation of the statute.” Id. at 77. Accordingly, the noneconomic damages cap does not violate a plaintiffs statutory right to have the court or jury “award damages as the court or jury shall consider fair and equitable.” Section 2922(6).
IV CONCLUSION
We conclude that the medical malpractice noneconomic damages cap does apply to wrongful death actions where the underlying claim is medical malpractice.[10] Accordingly, we reverse the judgment of the *174 Court of Appeals and remand this case to the Court of Appeals for consideration of the constitutional issues raised by plaintiff, which were not resolved by the Court of Appeals in light of its analysis of the statutory issue.[11]
Corrigan, C.J., and Weaver, Taylor, and Young, JJ., concurred with MARKMAN, J.

 The judge who presided over the jury trial was subsequently appointed to a federal judicial position and was no longer on the trial court at the time the motion for remittitur or for a new trial was heard.

 256 Mich App 112; 662 NW2d 453 (2003).

 The Court of Appeals further instructed the trial court that it could revisit its ruling concerning whether the verdict was excessive if it acknowledged that its previous ruling was “nondefinitive” in light of its concern at the time that it had not been present at trial.

 469 Mich 958 (2003).

 The dissent is correct that neither this Court nor the parties in these cases addressed whether these medical malpractice provisions apply to wrongful death actions; their application was just assumed. Post at 179.
See also Anthony v Forgrave, 126 Mich App 489, 493; 337 NW2d 546 (1983), in which the Court of Appeals held that “in a wrongful death action, venue is determined through application of the venue statutes governing personal injury actions; focus is on the cause of action which underlies the wrongful death claim.”

 The dissent contends that “the limitation on noneconomic damages does not always apply in an ‘action alleging medical malpractice,’ ” post at 179, as indicated by MCL 600.6098(1), which provides, “If the limitation applies, the court shall set aside any amount of noneconomic damages in excess of the amount specified in section 1483.” [Emphasis added.] We agree that the cap does not always apply in an action alleging medical malpractice. Instead, the cap applies only in medical malpractice actions in which the plaintiff is awarded an amount of noneconomic damages that exceeds the pertinent cap. The Legislature’s use of the word “if,” however, does not, as the dissent contends, indicate that the cap never applies in a wrongful death action.

 Pursuant to MCL 600.1483(4), “[t]he state treasurer shall adjust the limitation on damages for noneconomic loss set forth in subsection (1) by an amount determined by the state treasurer at the end of each calendar year to reflect the cumulative annual percentage change in the consumer price index.” The 2004 limitations are $366,000 and $653,500. See http://www.michigan.gov/documents/nonecohmitl01_3658_7.pdf.

 The 1986 version of § 1483 provided, in pertinent part:
(1) In an action for damages alleging medical malpractice against a person or party specified in section 5838a, damages for noneconomic loss which exceeds $225,000.00 shall not be awarded unless 1 or more of the following circumstances exist:
(a) There has been a death.
The 1986 version of § 1483 capped noneconomic damages at $225,000 unless one of seven exceptions, including death, applied. Section 1483 was amended in 1993 to adopt a two-tiered cap system. Under this two-tiered cap system, the lower cap applies unless one of three exceptions, not including death, applies. While the 1986 version of § 1483 specifically provided that the noneconomic damages cap does not apply to *171 wrongful death actions, the current version does not specifically provide that the cap does not apply to wrongful death actions.

 The dissent is correct that neither this Court nor the parties in these cases addressed whether these limitations apply to wrongful death actions; their application was just assumed. Post at 179.

 Because no allegation has been made that plaintiff was hemiplegic, paraplegic, quadriplegic, or had permanently impaired cognitive capacity, or that there had been permanent loss of or damage to a reproductive organ because of defendants’ medical malpractice, we conclude that the lower cap applies. Cf. Shinholster v Annapolis Hosp, 471 Mich 540; 685 NW2d 275 (2004).

 Because we conclude that the medical malpractice noneconomic damages cap applies to actions filed under the wrongful death action where the underlying claim is medical malpractice, and because defendants have not argued that an award so capped is excessive, noneconomic damages in this case must be reduced in accordance with § 1483, consistent with this opinion.