JENKINS v PATEL (ON REMAND)

Docket No. 233116. Submitted August 25, 2004, at Lansing. Decided
  September 7, 2004, at 9:00 A.M.

  Margaret Jenkins, personal representative of the estate of Mattie
    Howard, deceased, obtained a $10 million jury verdict in a wrong-
    ful death action in the Wayne Circuit Court against Jayesh K.
    Patel, M.D., and Comprehensive Health Services. The defendants
    filed a motion for remittitur or a new trial, arguing that the
    damages cap set forth in MCL 600.1483 regarding medical mal-
    practice actions required a reduction in the damage award, or, in
    the alternative, that the award was excessive under MCR 2.611.
    The court, Gershwin A. Drain, J., concluded that the damages cap
    set forth in MCL 600.1483 did not apply, but agreed that the award
    was excessive. Judge Drain, however, did not set a remittitur
    amount, finding it difficult to assess damages because he had not
    been present at the trial to hear testimony of the witnesses. The
    Court of Appeals, COOPER, P.J., and MURPHY, J. (KELLY, J., concur-
    ring), affirmed the trial court's decision, but remanded the case to
    the trial court, holding that the trial court must either set a
    remittitur amount or grant a new trial on damages alone. 256
    Mich App 112 (2003). The Supreme Court reversed, holding that
    the damages cap applies to wrongful death actions where the
    underlying claim is medical malpractice, and remanded to the
    Court of Appeals for consideration of the plaintiff's claims that the
    damages cap is unconstitutional because it violates the right to a
    jury trial, the separation of powers doctrine, and equal protection
    guarantees. 471 Mich 158 (2004).

        On remand, the Court of Appeals held:

        Pursuant to Zdrojewski v Murphy, 254 Mich App 50 (2002),
    and Phillips v Mirac Inc, 470 Mich 415 (2004), the plaintiff's
    constitutional arguments are without merit.

        Reversed and remanded for entry of judgment consistent with
    the opinions of the Supreme Court and Court of Appeals.

*Ira B. Saperstein, P.C.* (by *Ira B. Saperstein*), for the
plaintiff.

*Grier and Copeland* (by *Dora A. Brantley*) and *Kitch Drutchas Wagner DeNardis & Valitutti* (by *Susan Healy Zitterman*) for Jayesh K. Patel and Comprehensive Health Services.

ON REMAND

Before: COOPER, P.J., and MURPHY and KELLY, JJ.

MURPHY, J. This appeal, involving the medical-malpractice cap on noneconomic damages found in MCL 600.1483 (damages cap), is before us on remand from the Michigan Supreme Court "for consideration of the constitutional issues raised by plaintiff, which were not resolved by the Court of Appeals in light of its analysis of the statutory issue." *Jenkins v Patel,* 471 Mich 158, 174; 684 NW2d 346 (2004). The Supreme Court reversed our earlier opinion, holding, contrary to our conclusion, that the damages cap does apply to wrongful death actions where the underlying claim is medical malpractice. Defendants' arguments regarding the alleged excessiveness of the $ 10 million verdict are no longer pertinent in light of the Supreme Court's ruling applying the damages cap. *Id.* at 174. Therefore, the only issues to resolve concern plaintiff's arguments that MCL 600.1483 is unconstitutional because it violates the right to a jury trial, Const 1963, art 1, § 14; the separation of powers doctrine, Const 1963, art 3, § 2; and equal protection guarantees, US Const, Am XIV and Const 1963, art 1, § 2.

Pursuant to the majority opinion in *Zdrojewski v Murphy,* 254 Mich App 50; 657 NW2d 721 (2002), and the reasoning of a majority of our current Supreme Court in *Phillips v Mirac, Inc,* 470 Mich 415; 685 NW2d 174 (2004), we are compelled to conclude that all of

plaintiff's constitutional arguments fail.[1] Accordingly, we remand to the trial court for entry of judgment consistent with the Supreme Court's holding and our holding today.

Reversed and remanded. We do not retain jurisdiction.

COOPER, P.J., concurred.

KELLY, J., I concur in the result only.

---

[1] We note that a separate panel of this Court in *Wiley v Henry Ford Cottage Hosp,* 257 Mich App 488; 668 NW2d 402 (2003), indicated its belief that MCL 600.1483 unconstitutionally infringed on the right to jury trial; however, it concluded that *Zdrojewski* required it to find the damages cap constitutional. Having created a conflict under MCR 7.215(J), the bench was polled and a special panel to resolve the conflict was declined. 257 Mich App 801 (2003). The Michigan Supreme Court thereafter denied leave to appeal. 469 Mich 1012 (2004). Further examination of the issues by this Court is therefore not warranted.