OSHTEMO CHARTER TOWNSHIP v
KALAMAZOO COUNTY ROAD COMMISSION

Docket No. 292980. Submitted March 2, 2010, at Grand Rapids. Decided
April 29, 2010, at 9:05 a.m.

Oshtemo Charter Township brought an action in the Kalamazoo
Circuit Court against the Kalamazoo County Road Commission,
Alamo Township, and Kalamazoo Charter Township, seeking, in
part, a preliminary injunction that would stay the decision of the
road commission to void certain parts of plaintiff's Truck Route
Ordinance No. 478 pursuant to MCL 257.726(3) and prevent heavy
trucks from using three streets. The trial court, Alexander C.
Lipsey, J., granted a preliminary injunction after finding that
plaintiff would likely prevail on the merits of the case because, as
a result of an apparent typographical error in the last sentence of
MCL 257.726(3), the road commission did not have the authority
to void the disputed parts of plaintiff's ordinance. The road
commission appealed by leave granted, and Oshtemo Charter
Township cross-appealed.

The Court of Appeals *held*:

The trial court misinterpreted MCL 257.726(3). A typographi-
cal error exists on the face of the statute. Although the trial court
correctly observed that, as a general rule, clear statutory language
must be enforced as written, the trial court overlooked the
interpretive doctrine of statutory construction known as scriven-
er's error. Application of the doctrine leads to the conclusion that
the reference to MCL 247.671 to MCL 247.675 in MCL 257.726(3)
was a product of a clerical error that provides no means to
effectuate the text of MCL 257.726(3) and renders the statute
nugatory. By construing the phrase "MCL 247.671 to 247.675" as
"MCL 247.651 to 247.675" under the scrivener's error doctrine,
the provisions of the statute may be given effect and not rendered
nugatory. The preliminary injunction must be vacated, and the
case must be remanded to the trial court for further proceedings.

Vacated and remanded.

METER, P.J., concurring, agreed with the majority's analysis
concerning the doctrine of scrivener's error as applied in this case,
but wrote separately to state that the same result could be

obtained by application of additional principles of statutory construction that are grounded in Michigan caselaw, including the principle that apparently plain statutory language can be rendered ambiguous by its interaction with other statutes. An ambiguity exists because the provisions referred to in MCL 257.726(3) provide no means to effectuate the text of the statute, whereas the provisions found in MCL 247.651 through MCL 247.655 do. A construction of MCL 257.726(3) that substitutes "MCL 247.651" for "MCL 247.671" reflects a commonsense construction that best accomplishes the purpose of MCL 257.726(3). The trial court's enforcement of MCL 257.726(3) as written rendered the statute nugatory and produced absurd consequences. Vacation of the preliminary injunction and a remand for further proceedings is appropriate even without application of the doctrine of scrivener's error.

1. STATUTES — DOCTRINE OF SCRIVENER'S ERROR.

The interpretive doctrine of statutory construction known as scrivener's error may be applied when on the face of a statute it is clear that a mistake of expression or clerical error, rather than of legislative wisdom, has been made; if the objective import of the statute is clear, it is not contrary to sound principles of statutory interpretation to give the totality of the context precedence over a single mistake of expression or clerical error.

2. STATUTES — DOCTRINE OF SCRIVENER'S ERROR — HIGHWAYS — WORDS AND PHRASES — COUNTY PRIMARY ROADS.

Use of the phrase "MCL 247.671 to 247.675" in MCL 257.726(3), which was meant to incorporate the provisions of 1951 PA 51 that pertain to the designation of county primary roads, was a clerical error, but under the interpretive doctrine of statutory construction known as scrivener's error, the text of MCL 257.726(3) may be given effect if the phrase is interpreted instead as "MCL 247.651 to 247.675."

*Fahey Schultz Burzych Rhodes PLC* (by *William K. Fahey* and *Stephen J. Rhodes*) and *James W. Porter, P.C.* (by *James W. Porter*), for Oshtemo Charter Township.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg, Charles F. Behler*, and *Karl W. Butterer, Jr.*) and *Lewis Reed & Allen, P.C.* (by *Stephen Denenfeld*), for the Kalamazoo County Road Commission.

*Ford, Kriekard, Soltis & Wise, P.C.* (by *Robert A. Soltis*), for Alamo Township.

*Bauckham, Sparks, Lohrstorfer, Thall & Seeber, P.C.* (by *Kenneth C. Sparks*), for Kalamazoo Charter Township.

Before: METER, P.J., and ZAHRA and DONOFRIO, JJ.

PER CURIAM. Defendant Kalamazoo County Road Commission appeals by leave granted an order that granted plaintiff, Oshtemo Charter Township, a preliminary injunction enjoining the implementation of the road commission's decision to void a portion of plaintiff's truck route ordinance. Plaintiff cross-appealed. We hold that the trial court misinterpreted MCL 257.726(3), the statute authorizing the road commission to resolve the dispute among several townships in this matter. We conclude that a typographical error exists on the face of MCL 257.726(3). The trial court erred when it failed to employ the interpretive doctrine known as scrivener's error when construing MCL 257.726(3). We vacate the preliminary injunction and remand this case for further proceedings.

On March 27, 2007, plaintiff adopted its Truck Route Ordinance No. 478. The ordinance designates, "to the exclusion of all other roads," certain specific streets traversing the township for use by heavy trucks, including double-trailer gravel trucks. It also expressly bars any person from operating "a truck or truck-tractor and semi-trailer or truck-tractor and trailer combination, or truck and trailer combination with a combined carrying capacity of over five (5) tons in Oshtemo Charter Township on any road other than a designated truck route," except as expressly provided elsewhere in the ordinance. According to the road commission, this or-

dinance bars double-trailer gravel trucks from using three streets within plaintiff township: Tenth Street, Ninth Street, and H Avenue. This prohibition of the use of these three streets has the effect of routing the truck traffic to roads in defendants Alamo Township and Kalamazoo Charter Township and off the roads that provide the most direct routes of access to US-131. Plaintiff's ordinance became effective on May 4, 2007.

Subsequently, the Michigan Legislature enacted 2008 PA 539, which amended MCL 257.726(3), effective January 13, 2009, to provide:

> If a township has established any prohibition or limitation under subsection (1) [on the operation of trucks or other commercial vehicles] on any county primary road that an adjoining township determines diverts traffic onto a border highway or street shared by the township and the adjoining township, the adjoining township may submit a written objection to the county road commission having jurisdiction over the county primary road, along with a copy to the township that established the prohibition or limitation, on or before the later of March 1, 2009, or 60 days after the township approves the prohibition or limitation. The written objection shall explain how the prohibition or limitation diverts traffic onto the border highway or street shared by the township and the adjoining township. The county road commission shall then investigate the objection. The township and adjoining township shall cooperate with that investigation and negotiate in good faith to resolve the objection. If the objection is not resolved within 60 days after the township receives the copy of the written objection, the county road commission has the authority to, and shall, either approve or void the prohibition or limitation that is the subject of the objection within 60 days thereafter, which decision shall be final. For purposes of this subsection, "county primary road" means a highway or street designated as a county primary road pursuant to 1951 PA 51, MCL 247.671 to 247.675.

Significantly, a review of MCL 247.671 to 247.675 reveals a complete absence of any provisions regarding the designation of a highway or street as a county primary road.

In February 2009, both Alamo Township and Kalamazoo Charter Township filed written objections with the road commission with respect to plaintiff's truck route ordinance. When the three townships involved in this case could not resolve the dispute, the road commission held a public hearing on the objections and, pursuant to MCL 257.726(3), declared the truck route ordinance void with regard to the three contested streets and opened those streets to use by heavy trucks. Plaintiff commenced the present lawsuit in the Kalamazoo Circuit Court on June 4, 2009, with the filing of a 10-count complaint, which sought, in part, the issuance of a preliminary injunction that would stay the road commission's decision and prevent heavy trucks from using the contested streets.

The trial court heard plaintiff's request for a preliminary injunction on June 22, 2009. Following the close of arguments, the trial court granted plaintiff's request for a preliminary injunction from the bench. The trial court began its bench ruling by observing that plaintiff's entitlement to the requested injunction depended on the results of the balancing of four factors: (1) the likelihood that the applicant will prevail on the merits; (2) a demonstration that the applicant will suffer irreparable injury if the relief is not granted; (3) whether harm to the applicant in the absence of temporary relief outweighs the harm to the opposing party if relief is granted; and (4) harm to the public interest if the injunction is issued. The trial court then concluded that factors (2), (3), and (4) were a "wash" and "equally balanced out" between the opposing sides. It opined

that "the real question is[,] given that everything else is equally balanced out, does plaintiff have the likelihood of success on the merits."

The trial court, focusing on an apparent typographical error in the last sentence of MCL 257.726(3), resolved this question as follows:

> The Court is aware that there is—there are notes from the complier [sic] who does in fact provide that the destination [sic] set forth in the ordinance [sic], in fact is either typographical or some clerical error, and that the legislature could in fact have, or should [have] probably meant to include a different reference with regard to the definition of county primary roads.
>
> The court is then—thus faced with the very interesting dilemma of interpreting the statue [sic] in a way that actually provides for justification for the Road Commission action. Or interpreting the statue [sic] as it's written with some questions in terms of whether the Road Commission had the authority to void the ordinance, as it presently existed at the time of the hearings in May.
>
> This court after much deliberation and recognizing, to be honest, that either status quo is not going to substantially impact the citizens of these communities to any great extent. It believes that it should follow the lead of our Supreme Court and hold that the language that is written is the language that is written.
>
> Therefore, the court does believe as written there is a substantially [sic] likelihood that Osthemo [sic] will be successful at the—on the merits, and that absent amendment the County Road Commission would not have authority to mediate or determine the relative positions of the townships in this matter.
>
> Therefore, having determined that three, four—two, three and four are a wash in terms of the balances that are necessary, and having determined that as to item one there is a likelihood of success on the part [of] Osthemo [sic]. The court will grant a preliminary injunction in this matter pending further action in court.

The trial court then gave effect to its bench ruling by entering an order granting a preliminary injunction on June 22, 2009.

On appeal, the road commission argues that the trial court erred as a matter of law when it found that plaintiff is likely to prevail because a typographical error contained in MCL 257.726(3) removed from the road commission the power to nullify plaintiff's ordinance.

This Court reviews a trial court's decision to issue a preliminary injunction for an abuse of discretion. *Thermatool Corp v Borzym*, 227 Mich App 366, 372; 575 NW2d 334 (1998). We review de novo questions of statutory interpretation. See *City of Romulus v Dep't of Environmental Quality*, 260 Mich App 54, 64; 678 NW2d 444 (2003).

MCL 257.726(1)(c) authorizes local authorities, such as plaintiff township, to enact ordinances that designate only certain highways or streets within their jurisdiction for use by trucks or other commercial vehicles. MCL 257.726(3) establishes a procedure by which townships that adjoin a township that enacts such an ordinance may challenge the ordinance when the prohibition or limitation placed on "any county primary road . . . diverts traffic onto a border highway or street shared by the township and the adjoining township . . . ."

The trial court based its decision that plaintiff was likely to prevail on the merits on a literal application of the language of MCL 257.726(3). The trial court concluded that, in accordance with the last sentence of the statute, the road commission was authorized to resolve conflicts over prohibitions or limitations placed on a street or highway designated as a "county primary road" pursuant to "1951 PA 51, MCL 247.671 to

247.675." The trial court then noted that the statutory provisions codified at MCL 247.671 through MCL 247.675 contain no "county primary road designation[s]" and, therefore, the three streets at issue could not be designated "county primary road[s]" pursuant to MCL 247.671 to MCL 247.675. If the streets at issue were not "county primary road[s]," then the road commission lacked the authority to nullify any portion of plaintiff's truck route ordinance.

The trial court correctly observed that, as a general rule, clear statutory language must be enforced as written. *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 174; 730 NW2d 722 (2007). What the trial court overlooked, however, is the interpretive doctrine of statutory construction known as scrivener's error. In his book, *A Matter of Interpretation: Federal Courts and the Law* (New Jersey: Princeton University Press, 1997), pp 20-21, Justice Antonin Scalia described the doctrine as follows:

> I acknowledge an interpretive doctrine of what the old writers call *lapsus linguae* (slip of the tongue), and what our modern cases call "scrivener's error," where on the very face of the statute it is clear to the reader that a mistake of expression (rather than of legislative wisdom) has been made. For example, a statute may say "defendant" when only "criminal defendant" (i.e., not "civil defendant") makes sense. The objective import of such a statute is clear enough, and I think it not contrary to sound principles of interpretation, in such extreme cases, to give the totality of context precedence over a single word. [Citations omitted.]

Applying this doctrine to the case here, we conclude that it is apparent that a typographical error exists in MCL 257.726(3).

MCL 257.726(3) applies, in accordance with its plain language, to challenges raised to prohibitions or limita-

tions placed on a "county primary road." The statute defines the term "county primary road" as "a highway or street designated as a county primary road pursuant to 1951 PA 51, MCL 247.671 to 247.675." (Emphasis added.) However, MCL 247.671 repeals all acts and portions of acts that are inconsistent with 1951 PA 51. MCL 247.672 establishes the effective date of the act as June 1, 1951. MCL 247.673 precludes the act from taking effect unless Senate Bill No. 41 of the 1951 session is enacted into law and becomes effective. MCL 247.674 empowers the state transportation commission to issue certain types of bonds. Finally, MCL 247.675(1) establishes a truck safety fund and MCL 247.675(2) establishes a truck safety commission that is to "control the expenditures of the truck safety fund" and ensure that the funds are spent in the manners authorized by MCL 247.675(4).

A further review of 1951 PA 51 reveals that the provisions governing the designation of county primary roads are set forth in §§ 1 through 5 of the act, MCL 247.651 through MCL 247.655. A juxtaposition of the provisions of MCL 247.651 through MCL 247.655 against the provisions of MCL 247.671 through MCL 247.675 makes clear that one of the statutory references found in the last sentence of MCL 257.726(3) is the product of a clerical error, i.e., there was an accidental substitution of a "7" for a "5" in the first statutory citation, MCL 247.671. Significantly, the provisions referred to in MCL 257.726(3) provide no means to effectuate the text of MCL 257.726(3), whereas the provisions found in MCL 247.651 to MCL 247.655 do.

By construing the phrase "MCL 247.671 to 247.675" as "MCL 247.651 to 247.675," the provisions found in 1951 PA 51 that pertain specifically to the designation of county primary roads are thus incorporated into

MCL 257.726(3). The inclusion of the provisions found at MCL 247.651 to MCL 247.655 is also consistent with the overall text of MCL 257.726(3). The structure of the last sentence of MCL 257.726(3) indicates that the citation that follows the public act citation was meant to be a parallel citation that provides the statutory equivalent to the public act citation; 1951 PA 51 is codified as MCL 247.651 through MCL 247.675. Furthermore, the last sentence of MCL 257.726(3) clearly indicates that the statutory reference contained therein was meant to include the provisions within 1951 PA 51 that provide for the designation of a highway or street as a county primary road. The text of MCL 257.726(3) clearly reflects the Legislature's intent to create a process by which disputes arising from prohibitions or limitations placed on county primary roads are resolved.

The trial court's conclusion that it had to enforce MCL 257.726(3) as written renders MCL 257.726(3) nugatory because the provisions cited do not pertain to the designation of county primary roads; therefore, absent a means to determine whether the highway or street at issue constitutes a county primary road, MCL 257.726(3) cannot be applied to resolve any dispute arising from a prohibition or limitation placed on any highway or street. A court should avoid assigning any construction to a statute that renders any part of the statute nugatory. *Jenkins v Patel*, 471 Mich 158, 167; 684 NW2d 346 (2004).

The trial court's assessment of plaintiff's likelihood of success was predicated on an error in statutory construction. Accordingly, we vacate the grant of a preliminary injunction and remand this case for further proceedings. We need not address the additional issues raised on appeal because they are not yet ripe for review.

We vacate the preliminary injunction and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

METER, P.J. (*concurring*). While I concur in the majority's analysis concerning the doctrine of scrivener's error as applied to this case, I write separately to express my opinion that the same result may be obtained using the typical principles of statutory construction as set forth in Michigan caselaw.

At issue here is the trial court's issuance of a preliminary injunction. A trial court must consider the following four factors when deciding whether to issue a preliminary injunction:

> (1) harm to the public interest if the injunction issues; (2) whether harm to the applicant in the absence of temporary relief outweighs the harm to the opposing party if relief is granted; (3) the likelihood that the applicant will prevail on the merits; and (4) a demonstration that the applicant will suffer irreparable injury if the relief is not granted. [*Thermatool Corp v Borzym*, 227 Mich App 366, 376; 575 NW2d 334 (1998).]

The decision of the trial court "must not be arbitrary and must be based on the facts of the particular case." *Id.*

This appeal centers on whether the trial court correctly evaluated plaintiff's likelihood of prevailing on the merits—factor 3 from *Thermatool Corp*—and the resolution of this issue depends on whether the trial court correctly construed MCL 257.726(3). I find that the trial court did not correctly construe the statute both because of the doctrine of scrivener's error (as adequately set forth in the majority opinion and not repeated here) *and*, alternatively, because of additional principles of statutory construction that are grounded in Michigan caselaw.

MCL 257.726(3) provides:

> If a township has established any prohibition or limitation under subsection (1) [on the operation of trucks or other commercial vehicles] on any county primary road that an adjoining township determines diverts traffic onto a border highway or street shared by the township and the adjoining township, the adjoining township may submit a written objection to the county road commission having jurisdiction over the county primary road, along with a copy to the township that established the prohibition or limitation, on or before the later of March 1, 2009, or 60 days after the township approves the prohibition or limitation. The written objection shall explain how the prohibition or limitation diverts traffic onto the border highway or street shared by the township and the adjoining township. The county road commission shall then investigate the objection. The township and adjoining township shall cooperate with that investigation and negotiate in good faith to resolve the objection. If the objection is not resolved within 60 days after the township receives the copy of the written objection, the county road commission has the authority to, and shall, either approve or void the prohibition or limitation that is the subject of the objection within 60 days thereafter, which decision shall be final. For purposes of this subsection, "county primary road" means a highway or street designated as a county primary road pursuant to 1951 PA 51, MCL 247.671 to 247.675.

As noted in the majority opinion:

> The trial court based its decision that plaintiff was likely to prevail on the merits on a literal application of the language of MCL 257.726(3). The trial court concluded that, in accordance with the last sentence of the statute, the road commission was authorized to resolve conflicts over prohibitions or limitations placed on a street or highway designated as a "county primary road" pursuant to "1951 PA 51, MCL 247.671 to 247.675." The trial court then noted that the statutory provisions codified at MCL 247.671 through MCL 247.675 contain no "county primary road designation[s]" and, therefore, the three streets at

issue could not be designated "county primary road[s]" pursuant to MCL 247.671 to MCL 247.675. If the streets at issue were not "county primary road[s]," then the road commission lacked the authority to nullify any portion of plaintiff's truck route ordinance. [*Ante* at 302-303.]

I find that the construction afforded the last sentence of MCL 257.726(3) by the trial court violated principles of statutory construction as set forth by the law of our state.

The trial court correctly noted that clear statutory language must be enforced as written. *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 174; 730 NW2d 722 (2007). However, the trial court failed to acknowledge the principle that "apparently plain statutory language can be rendered ambiguous by its interaction with other statutes." *Ross v Modern Mirror & Glass Co*, 268 Mich App 558, 562; 710 NW2d 59 (2005). Here, when MCL 257.726(3) is read in conjunction with MCL 247.671 through MCL 247.675, as referenced in MCL 257.726(3), an ambiguity arises in MCL 257.726(3).

MCL 257.726(3) applies to challenges raised to prohibitions or limitations placed on a "county primary road." "County primary road" is defined in MCL 257.726(3) as "a highway or street designated as a county primary road pursuant to 1951 PA 51, MCL 247.671 to 247.675." (Emphasis added.) A review of MCL 247.671 to 247.675 reveals the absence of any provisions regarding the designation of a highway or street as a county primary road. The provisions governing the designation of county primary roads are instead set forth in §§ 1 through 5 of 1951 PA 51: MCL 247.651 through MCL 247.655. Thus, an ambiguity exists because the provisions referred to in MCL 257.726(3) provide no means to effectuate the text of MCL

257.726(3), whereas the provisions found in MCL 247.651 through MCL 247.655 do. Therefore, a construction of MCL 257.726(3) that substitutes "MCL 247.651" for "MCL 247.671" reflects a commonsense construction that best accomplishes the purpose of MCL 257.726(3). *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994); *Adams Outdoor Advertising, Inc v Canton Charter Twp*, 269 Mich App 365, 371; 711 NW2d 391 (2006).

The trial court's conclusion that it had to enforce MCL 257.726(3) as written renders MCL 257.726(3) nugatory and also produces absurd consequences. As noted by the majority, a court should avoid assigning any construction to a statute that renders any part of the statute nugatory. *Jenkins v Patel*, 471 Mich 158, 167; 684 NW2d 346 (2004). I additionally note, as I wrote in *Detroit Int'l Bridge Co v Commodities Export Co*, 279 Mich App 662, 674; 760 NW2d 565 (2008), that in 2006 a majority of the Supreme Court justices also determined that a court should avoid interpreting a statute in a way that produces absurd consequences.

This analysis and the caselaw cited convince me that vacating the preliminary injunction and remanding for further proceedings would be appropriate even if we were to refrain from relying on Justice Antonin Scalia's recitation of the doctrine of scrivener's error.