Young, C.J.
(concurring in part and dissenting in part). I concur in that portion of the majority opinion holding that defendant was not denied his right to testify at his trial. Because the record indicates that defendant made the volitional choice to refrain from testifying, it cannot be said that defendant was denied the right to testify at his trial.
*442 However, I dissent from that that portion of the majority opinion holding that the scoring of offense variable (OV) 13, MCL 777.43, which considers a “continuing pattern of criminal behavior,” is limited to using a narrow subset of offense categories. Because the Legislature has unambiguously indicated that OV 13 is to be scored for crimes in all offense categories, the analysis proffered by the majority necessarily renders the explicit legislative command nugatory. I believe that OV 13 is properly scored under the relevant provisions if the charged crime is part of a pattern of criminal activity “involving” crimes against a person or property, regardless of the offense category to which the crime is assigned.[1]
ANALYSIS
This Court reviews questions of statutory interpretation de novo.[2] In order to effectuate the intent of the Legislature, we must interpret every word, phrase, and clause in a statute so as to avoid rendering any portion of the statute nugatory or surplusage.[3]
Defendant was convicted of two counts of assaulting a prison employee[4] as a second-offense habitual offender.[5] At issue in this case is the proper scoring of OV 13, which provides in full as follows:
(1) Offense variable 13 is continuing pattern of criminal behavior. Score offense variable 13 by determining which of *443 the following apply and by assigning the number of points attributable to the one that has the highest number of points:
(a) The offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age............50 points
(b) The offense was part of a pattern of felonious criminal activity directly related to causing, encouraging, recruiting, soliciting, or coercing membership in a gang or communicating a threat with intent to deter, punish, or retaliate against another for withdrawing from a gang.....................25 points
(c) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person.....................................................................25 points
(d) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property or a violation of section 7401(2)(a)(i) to (Hi) or section 7403(2)(a)(i) to (Hi) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403.................................................................10 points
(e) The offense was part of a pattern of felonious criminal activity involving a combination of 3 or more violations of section 7401(2)(a)(i) to (iii) or section 7403(2)(a)(i) to (iii) of the public health code, 1978 PA 368, MCL 333.7401 and 333.7403...............................10 points
(f) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against property ...........................................................................5 points
(g) No pattern of felonious criminal activity existed ..................................................................................0 points
(2) All of the following apply to scoring offense variable 13:
(a) For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction.
*444 (b) The presence or absence of multiple offenders, the age of the offenders, or the degree of sophistication of the organized criminal group is not as important as the fact of the group’s existence, which may be reasonably inferred from the facts surrounding the sentencing offense.
(c) Except for offenses related to membership in an organized criminal group or that are gang-related, do not score conduct scored in offense variable 11 or 12.
(d) Score 50 points only if the sentencing offense is first degree criminal sexual conduct.
(e) Do not count more than 1 controlled substance offense arising out of the criminal episode for which the person is being sentenced.
(f) Do not count more than 1 crime involving the same 1 [sic] controlled substance. For example, do not count conspiracy and a substantive offense involving the same amount of controlled substances or possession and delivery of the same amount of controlled substances.[6]
Additionally, all felonies covered by the sentencing guidelines have been placed into one of six offense categories: crimes against a person, crimes against property, crimes involving a controlled substance, crimes against public order, crimes against public trust, and crimes against public safety.[7] The sole purpose served by the offense categories in our legislative sentencing scheme is determining which of the 20 offense variables are to be scored, as not every felony requires the scoring of every offense variable.[8]
*445 The Court of Appeals held that 25 points rather than 10 points were properly assessed for OV 13 because, although assault against a prison employee was classified as a crime against public safety, the offense was “also a crime against a person” because “a prison guard is a person.”[9] The Court of Appeals reasoned that the phrases “crimes against a person” and “crimes against property” in OV 13 did not limit scoring to those two statutory offense classifications; rather, points were properly assessed if the sentencing offense was part of a pattern involving crimes “against a person” or “property” without regard to the designated offense category.
The majority disagrees, concluding that the “offense categories in MCL 777.5 are statutorily defined phrases”[10] to be applied “in a uniform manner”[11] throughout chapter XVII of the Code of Criminal Procedure.[12] However, MCL 777.5 does not define or give any meaning whatsoever to the various offense categories.[13] Rather, MCL 777.5, contained in part 1 of the sentencing guidelines, merely designates abbreviations *446 for the offense categories to be used in part 2 of the sentencing guidelines.[14] Assuming, arguendo, that one could describe the listed abbreviations as “definitions,” it is difficult to see how these definitions would have any applicability outside part 2 — the one and only part of the sentencing guidelines specifically “designated” in MCL 777.5. Certainly, there is no statutory indication that the Legislature intended that these so-called “definitions” be carried over into part 4 of the sentencing guidelines, the part dedicated to the offense variables.[15]
The majority opinion further states that “ [i]f the Legislature had intended to allow courts to consider crimes within all the offense categories when scoring OV 13, it could have expressly included additional offense categories or simply stated that all crimes could be considered to establish a continuing pattern of *447 criminal behavior.”[16] This reasoning, however, disregards unequivocal proof that the Legislature “intended to allow courts to consider crimes within all the offense categories when scoring OV 13.” Significantly, MCL 777.22 specifically commands that OV 13 be scored for each and every offense category, including those offenses categorized as crimes involving a controlled substance, crimes against public order, crimes against public trust, and crimes against public safety.[17]
It is illogical to conclude that the Legislature did not intend the very act that it explicitly requires. Under the majority’s analysis, four of the six offense categories[18] cannot be used to assess points under OV 13 because the offense variable is limited to “specific offense categories.”[19] Interpreting MCL 777.43 in a way that excludes these offense categories from scoring consideration renders the specific legislative directive to score *448 OV 13 for every offense category a nullity.[20] The majority believes that its analysis is faithful to the intent of the Legislature because the score for “an offense variable can — and sometimes, as here, will — be zero points.”[21] However, assessing zero points is appropriate only when “\_ri\o pattern of felonious criminal activity existed.”[22] In this case, as no one disputes, defendant clearly engaged in a “pattern of felonious criminal activity.” The majority’s argument that OV 13 should not be scored at all given that the Legislature allows zero points to be assessed when appropriate does not withstand scrutiny and is not faithful to the legislative command that OV 13 must be accurately scored for every crime covered by the guidelines. The majority has, in effect, eliminated four of the six offense categories from inclusion as part of a pattern of felonious criminal activity and has thus accomplished a judicial rewriting of the statute.
I further note that nothing in the language of OV 13 explicitly refers to offense categories. If the Legislature had intended to limit the scoring of OV 13 to those crimes classified as being “crimes against a person” or “crimes against property,” it would have made some reference to crime classifications or offense categories. It might have stated, for example, that a court should assess 5 points when the offense was part of a pattern of felonious criminal activity involving three or more *449 crimes classified as a crime against property or in the offense category of crimes against a person.
Lastly, the example contained in MCL 777.43(2)(f) provides further indication that the Legislature did not intend that the scoring of OV 13 be restricted to using a narrow subset of offense categories as the majority contends. The statutory provision provides:
Do not count more than 1 crime involving the same 1 [sic] controlled substance. For example, do not count conspiracy and a substantive offense involving the same amount of controlled substances or possession and delivery of the same amount of controlled substances.[23]
This subdivision prohibits scoring a drug conspiracy offense along with a substantive drug offense, but does not in any other way limit the scoring of OV 13 for the crime of conspiracy. Conspiracy is not classified as a crime against a person, nor is it classified as a crime against property. Rather, conspiracy[24] is classified as a crime against public safety.[25] If the Legislature had intended that crimes against public safety could not be used to score OV 13, then there would have been no need for the Legislature to describe a narrow exception under which a specific crime against public safety (conspiracy) could not be counted.
In order to give meaning to the language contained in MCL 777.43 as well as the language contained in MCL 777.22,1 would hold that the relevant portions of OV 13 may be scored when the sentencing offense is part of a pattern of criminal activity “involving”[26] crimes against a *450 person or property, regardless of the offense categories of those crimes. Certainly, defendant’s sentencing offenses involved or implicated “persons” — the two prison guards who were the victims of defendant’s felonious behavior. Therefore, I believe the Court of Appeals correctly determined that OV 13 was properly scored at 25 points.
Because the majority’s conclusion that OV 13 is limited to “specific offense categories” renders the explicit legislative command contained in MCL 777.22 nugatory, I dissent and would deny defendant’s application for leave to appeal.
Zahra, J., concurred with Young, C.J.

 I decline to address the third issue considered by the majority opinion, as the issue is undisputedly moot.

 Jenkins v Patel, 471 Mich 158, 162; 684 NW2d 346 (2004).

 Herald Co, Inc v Eastern Mich Univ Bd of Regents, 475 Mich 463, 470; 719 NW2d 19 (2006).

 MCL 750.197c.

 MCL 769.10. Defendant’s prior convictions include assaulting a prison employee just five weeks before the instant offenses, as well as convictions for attempted carjacking and unarmed robbery.

 MCL 777.43.

 MCL 777.11 through 777.19; see also MCL 777.5 and MCL 777.22.

 MCL 777.22. Citing OV 12 and OV 13, the majority concludes that the offense categories also determine how those OVs should be scored. However, the issue to be determined in this case is whether the phrases “crimes against a person” and “crimes against property” used in OV 13 refer to the offense categories listed at MCL 777.5. Simply declaring as a fait accompli the issue to be determined is a poor substitute for reasoned legal analysis.

 People v Bonilla-Machado, unpublished opinion per curiam of the Court of Appeals, issued December 15, 2009 (Docket No. 287605), p 4.

 Ante at 425-426.

 Ante at 426.

 Acknowledging, as it must, that MCL 777.5 merely “provides abbreviated designations for the offense categories,” the majority then concludes that “the fully named offense categories are used uniformly and consistently throughout the sentencing guidelines.” Ante at 422. However, the plain language limits the applicability of MCL 777.5 to “part 2” of chapter XVII, and contains no language indicating its universal applicability “throughout the sentencing guidelines.”

 MCL 777.5 states:
The offense categories are designated in part 2 of this chapter as follows:
(a) Crimes against a person are designated “person”.
(b) Crimes against property are designated “property”.
*446 (c) Crimes involving a controlled substance are designated “CS”.
(d) Crimes against public order are designated “pub ord”.
(e) Crimes against public trust are designated “pub trst”.
(f) Crimes against public safety are designated “pub saf”.

 Part 2 of the sentencing guidelines, entitled “Included Felonies,” can be found at MCL 777.11 through 777.19. This part lists each felony by MCL number, provides a short description of the offense, and assigns each felony an offense category and offense class. The offense class determines the proper sentencing grid to use. See MCL 777.61 through 777.69.

 For similar reasons, the majority is incorrect in stating that “[t]he Court of Appeals’ opinion would permit courts to ignore the explicit statutory offense categories ... .” Ante at 426. Regardless of whether the categorizations apply in part 4, the offense categories are appropriately applied in part 2, as explicitly directed by statute. Thus, the offense categories retain meaning under the Court of Appeals’ interpretation, and not applying the categorizations in part 4 simply does not mean that the offense categories are being “ignore[dj.”

 Ante at 428.

 MCL 777.22 states, in relevant part:
(1) For all crimes against a person, score offense variables 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 19, and 20....
(2) For all crimes against property, score offense variables 1, 2, 3, 4, 9, 10, 12, 13, 14, 16, 19, and 20.
(3) For all crimes involving a controlled substance, score offense variables 1, 2, 3, 12, 13, 14, 15, 19, and 20.
(4) For all crimes against public order and all crimes against public trust, score offense variables 1, 3, 4, 9,10,12,13,14,16,19, and 20.
(5) For all crimes against public safety, score offense variables 1, 3, 4, 9, 10, 12, 13, 14, 16, 19, and 20.

 The only apparent exceptions would be the specifically enumerated crimes contained in MCL 777.43(1)(d) and (e) that are classified as “crimes involving a controlled substance” and those crimes that may be considered gang-related under MCL 777.43(1)(b).

 Ante at 429.

 I note, however, that if, as the majority opinion now requires, defendant’s “continuing pattern of criminal behavior” could not be scored under OV 13, it would provide a substantial and compelling reason for an upward sentencing departure because it is both “objective and verifiable” and not already considered in determining the guidelines recommended minimum sentence range. People v Babcock, 469 Mich 247, 257-258 & n 12; 666 NW2d 231 (2003).

 Ante at 427.

 MCL 777.43(l)(g) (emphasis added).

 MCL 777.43(2)(f) (emphasis added).

 MCL 750.157a(a).

 MCL 777.18.

 To “involve” means “to implicate, as in guilt or crime, or in any matter or affair.” Random House Webster’s College Dictionary (2000), p 698, def 7.