**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:       Justices:
Clifford W. Taylor   Michael F. Cavanagh
                     Elizabeth A. Weaver
                     Marilyn Kelly
                     Maura D. Corrigan
                     Robert P. Young, Jr.
                     Stephen J. Markman

FILED JUNE 25, 2008

MICHIGAN ASSOCIATION OF HOME
BUILDERS,

      Plaintiff-Appellant,

v                                No. 135023

DIRECTOR OF DEPARTMENT OF
LABOR & ECONOMIC GROWTH and
DEPARTMENT OF LABOR & ECONOMIC
GROWTH,

      Defendants-Appellees,

and

MICHIGAN COMMUNITY ACTION
AGENCY ASSOCIATION, MICHIGAN
ENVIRONMENTAL COUNCIL, and
MIDWEST ENERGY EFFICIENCY
ALLIANCE,

      Intervening Defendants-Appellees.

_____

MEMORANDUM OPINION.

At issue here is whether judicial review of an administrative determination
in a non-contested case is limited to the administrative record and whether the
administrative record may be expanded by a remand to the administrative agency

for additional fact-finding. The Court of Appeals held that judicial review of an administrative rule is limited to the administrative record, but stated that the trial court could "remand the matter to the department for additional investigation or explanation." *Michigan Ass'n of Home Builders v Dep't of Labor & Economic Growth Director*, 276 Mich App 467, 479; 741 NW2d 531 (2007). In lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals in part, vacate it in part, and hold that judicial review of an administrative rule, which by definition constitutes a non-contested case, is limited to the administrative record and that the administrative record may not be expanded by a remand to the administrative agency.

Administrative determinations are governed by the Administrative Procedures Act (APA), MCL 24.201 *et seq*. An administrative determination is categorized as either a contested or a non-contested case. "Contested case" is defined as "a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing." MCL 24.203(3). A non-contested case would therefore encompass administrative determinations that do not fall within the definition of a contested case. This case concerns the review of an administrative rule. "A determination, decision, or order in a contested case" is specifically exempted from the definition of "rule," MCL 24.207(f), and, therefore, the review of an administrative rule is categorized as involving a non-contested case.

2

MCL 24.241(1) provides, in pertinent part: "[B]efore the adoption of a rule, an agency, or the office of regulatory reform, shall give notice of a public hearing and offer a person an opportunity to present data, views, questions, and arguments."[1] MCL 24.264 allows a plaintiff to challenge the validity of a rule in an action for a declaratory judgment. There is no provision in the statute regarding whether the trial court can expand the record for purposes of review at the trial court level or by remanding the matter to the agency.

For contested cases, the APA sets forth an entire chapter dedicated to the procedures for agency hearings, including the taking of witnesses' testimony. See MCL 24.271 through 24.287. The public hearings specified in MCL 24.241(1), which are held before the adoption of a rule, are "not subject to the provisions governing a contested case." MCL 24.241(4). Once a plaintiff exhausts the administrative remedies in a contested case, the plaintiff is entitled to direct judicial review. MCL 24.301. MCL 24.305 specifically provides for the expansion of the record in a contested case by way of a remand to the agency:

> If timely application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that an inadequate record was made at the hearing before the agency or that the additional evidence is material, and that there were good reasons for failing to record or present it in the proceeding before the agency, the court shall order the taking of additional evidence before the agency on such conditions as the court deems proper. The

---

[1] Executive Order No. 2005-1 abolished the Office of Regulatory Reform and transferred its powers, duties, and responsibilities to the State Office of Administrative Hearings and Rules. The order is codified at MCL 445.2021.

agency may modify its findings, decision or order because of the additional evidence and shall file with the court the additional evidence and any new findings, decision or order, which shall become part of the record.

There is no similar provision for non-contested cases. The more formal procedures called for in contested cases are simply not part of the rulemaking process or the process of judicial review of non-contested cases.

Other states have held that judicial review of non-contested cases is limited to the administrative record if there is no express provision of law that allows expansion of the record. For example, in Mississippi, "[a]ppellate review of an agency decision is limited to the record and the agency's findings." *Boyles v Mississippi State Oil & Gas Bd*, 794 So 2d 149, 153 (Miss, 2001). The Minnesota Court of Appeals stated: "The scope of review in a pre-enforcement challenge to a rule is more restrictive than review of an agency's decision in a contested enforcement proceeding. The court's review is limited to the record during rulemaking." *City of Morton v Minnesota Pollution Control Agency*, 437 NW2d 741, 745-746 (Minn App, 1989) (citation omitted). In Illinois, courts review an agency's promulgation of rules and regulations "on the basis of the rule-making record . . . ." *Union Oil Co of California v Illinois Pollution Control Bd*, 43 Ill App 3d 927, 930; 357 NE2d 715 (1976). But see *Furlong Cos, Inc v Kansas City*, 189 SW3d 157, 165 (Mo, 2006) (ruling that the evidentiary record may be developed before the trial court in a non-contested case on the basis of a state

4

statute that expressly provides that judicial review in non-contested cases is not limited to the administrative record).

The APA expressly provides for expansion of the record in contested cases. MCL 24.305. The absence of a similar provision for non-contested cases strongly suggests the limited scope of judicial review in these cases under the legal maxim *expressio unius est exclusio alterius.*[2] *Hoerstman Gen Contracting, Inc v Hahn*, 474 Mich 66, 74; 711 NW2d 340 (2006). Accordingly, we hold that judicial review of an administrative rule is limited to the administrative record and that the administrative record may not be expanded by a remand to the administrative agency.[3]

---

[2] "[T]he expression of one thing is the exclusion of another." Black's Law Dictionary (6th ed).

[3] In making its determination that judicial review is limited to the administrative record, the Court of Appeals concluded that *Westervelt v Natural Resources Comm*, 402 Mich 412; 263 NW2d 564 (1978), constituted a nonbinding, plurality opinion. In *Westervelt*, we considered (1) whether the Legislature unconstitutionally delegated certain legislative powers and (2) whether an administrative agency exceeded the scope of its authority in promulgating administrative rules. The parties stipulated that only legal issues were contested, so the trial court's review would be limited to specified evidence in the administrative record. *Id*. at 450-451 (opinion by Williams, J.). When the trial court failed to consider this evidence, we remanded the case for further factual findings and held that such findings should be entered into the record. *Id*. at 452-453. Three justices signed the lead opinion, and three justices signed a concurring opinion that disagreed only with the lead opinion's analysis of the delegation-of-powers issue. *Id*. at 454, 459 (opinion by Ryan, J.). Therefore, the opinion is binding regarding the second issue, and the Court of Appeals erred in holding otherwise. *Westervelt* did not hold that the trial court may consider evidence that

(continued . . .)

5

We affirm the portion of the Court of Appeals judgment determining that judicial review is limited to the administrative record, vacate the portion of its judgment stating that the trial court can "remand the matter to the department for additional investigation or explanation," and vacate the portion of its judgment stating that *Westervelt v Natural Resources Comm*, 402 Mich 412; 263 NW2d 564 (1978), is not binding.

Clifford W. Taylor
Michael F. Cavanagh
Marilyn Kelly
Maura D. Corrigan
Robert P. Young
Stephen J. Markman

WEAVER, J. I would grant leave to appeal in this case.

Elizabeth A. Weaver

---

(. . . continued)
was not considered by the administrative agency because the evidence to be considered by the trial court was, in fact, part of the administrative record.