OSHTEMO CHARTER TOWNSHIP v KALAMAZOO COUNTY
ROAD COMMISSION

Docket No. 304986. Submitted May 8, 2013, at Grand Rapids. Decided
June 25, 2013, at 9:05 a.m. Opinion vacated on reconsideration
and new opinion issued October 1, 2013, at 9:05 a.m. Leave to
appeal sought.

Oshtemo Charter Township brought an action in the Kalamazoo
Circuit Court against the Kalamazoo County Road Commission,
Alamo Township, and Kalamazoo Charter Township, seeking de-
claratory relief and a preliminary injunction that would stay the
decision of the road commission to void certain parts of an Oshtemo
Charter Township truck route ordinance under MCL 257.726(3). The
trial court, Alexander C. Lipsey, J., granted a preliminary injunction
after finding that plaintiff would likely prevail on the merits of the
case because, as a result of an apparent typographical error in the last
sentence of MCL 257.726(3), the road commission did not have the
authority to void the disputed parts of plaintiff's ordinance. The road
commission appealed by leave granted. The Court of Appeals, ZAHRA
and DONOFRIO, JJ. (METER, P.J., concurring), construing the phrase
"MCL 247.671 to 247.675" in MCL 257.726(3) under the scrivener's
error doctrine as "MCL 247.651 to 247.675," held that the prelimi-
nary injunction had to be vacated. 288 Mich App 296 (2010). On
remand, the road commission moved for summary disposition. The
trial court granted partial summary disposition in favor of the road
commission, determining that MCL 257.726(3), which gives county
road commissions the authority to approve or void certain local truck
route ordinances, is constitutional and that the road commission's
decision was authorized by law. The parties dismissed plaintiff's
remaining claim by stipulation, and plaintiff appealed the trial
court's order granting summary disposition in favor of defendants.
The Court of Appeals reversed and remanded for entry of summary
disposition in favor of plaintiff. The road commission moved for
reconsideration. The Court of Appeals granted the motion for recon-
sideration, vacated its previous opinion, and issued a new opinion.

On reconsideration, the Court of Appeals *held*:

Const 1963, art 7, § 29 reserves to counties, townships, cities,
and villages the right to reasonable control of roads within their

boundaries. Local governments may protect their specifically reserved constitutional rights on behalf of the public they represent, including the right to reasonable control of roads within their boundaries. Local governments may exercise reasonable control to regulate matters of local concern, but only in a manner and to the degree that the regulation does not conflict with state law. In this case, plaintiff's truck route ordinance did not conflict with state law, either directly or by conflicting with an agency's interpretation of state law. The Legislature exceeds its authority when it attempts to prevent local governments from adopting reasonable traffic regulations that are explicitly authorized by the Michigan Constitution when the regulations do not conflict with state law. In this case, MCL 257.726(3) was unconstitutional as applied because it conflicted with Const 1963, art 7, § 29. The Legislature exceeded its authority when it purported to grant a county road commission the authority to void a township's reasonable traffic control ordinance. At the very least, a road commission must determine that a township's ordinance is unreasonable before it may void the ordinance. The Kalamazoo County Road Commission did not determine that the truck route ordinance was unreasonable before voiding it; thus, MCL 257.726(3) was unconstitutional as applied.

Reversed and remanded for entry of summary disposition in favor of plaintiff.

STATUTES — MICHIGAN VEHICLE CODE — TRUCK ROUTE DESIGNATIONS — CONSTITUTIONAL RESERVATIONS — LOCAL CONTROL OF ROADS — AUTHORITY OF A COUNTY ROAD COMMISSION TO VOID A LOCAL TRUCK ROUTE ORDINANCE.

Const 1963, art 7, § 29 reserves to counties, townships, cities, and villages the right to reasonable control of roads within their boundaries; the Legislature exceeds its authority when it purports to grant a county road commission the authority to void a township's reasonable traffic control ordinance under MCL 257.726(3); at the very least, a county road commission must determine that a township's ordinance is unreasonable before it may void the ordinance.

*Fahey Schultz Burzych Rhodes PLC* (by *William K. Fahey* and *Stephen J. Rhoades*) and *James W. Porter, P.C.* (by *James W. Porter*), for Oshtemo Charter Township.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg* and *Karl W. Butterer, Jr.*), *Lewis Reed & Allen, P.C.* (by *Stephen Denenfeld*), and *Henn Lesperance PLC*

*(by William L. Henn) for the Kalamazoo County Road Commission.*

*Ford, Kriekard, Soltis & Wise, P.C.* (by *Robert A. Soltis*), for Alamo Township.

*Bauckham, Sparks, Lohrstorfer, Thall & Seeber, P.C.* (by *Kenneth C. Sparks*), for Kalamazoo Charter Township.

ON RECONSIDERATION

Before: SERVITTO, P.J., and WHITBECK and SHAPIRO, JJ.

PER CURIAM. Plaintiff Oshtemo Charter Township (Oshtemo Township) appeals as of right the circuit court's order granting summary disposition under MCR 2.116(C)(10) in favor of defendants Kalamazoo County Road Commission (the Road Commission), Alamo Township (Alamo Township), and Kalamazoo Charter Township (Kalamazoo Township) on Oshtemo Township's claim that the Road Commission's decision to void an Oshtemo Township truck route ordinance under the authority of MCL 257.726(3) was invalid. We reverse and remand.

I. OVERVIEW

Article 7, § 29 of the Michigan Constitution reserves to counties, townships, cities, and villages the right to reasonable control of the traffic within their boundaries. In MCL 257.726(1), the Michigan Legislature has provided that townships may adopt truck route ordinances, and in MCL 257.726(3), the Legislature has purported to grant local road commissions the authority to "approve or void" those ordinances.

We conclude that a township does not have the authority to adopt any ordinance that conflicts with

state law. An ordinance can conflict with state law by conflicting with the rules of an administrative agency. But county road commissions, despite being administrative agencies, do not have the authority to promulgate rules. A truck route ordinance does not conflict with state law either directly or through the operation of an administrative agency under MCL 257.726(3). Because a reasonable truck route ordinance does not conflict with state law, a township has the authority to adopt one.

We also conclude that the Legislature may not override a power provided in the Constitution. Therefore, to the extent MCL 257.726(3) allows a county road commission to void a traffic control ordinance without demonstrating that the ordinance is unreasonable, it conflicts with the Michigan Constitution's grant of the power to townships to adopt reasonable traffic control ordinances, and is unconstitutional as applied.

The Road Commission only has the authority to void an unreasonable traffic control ordinance. Because the Road Commission did not determine that the ordinance was unreasonable, the Road Commission's decision was contrary to the Michigan Constitution, and thus it was not authorized by law. Because the trial court improperly determined that the decision was authorized by law, we reverse and remand.

II. FACTS

A. OSHTEMO TOWNSHIP'S TRUCK ROUTE ORDINANCE

MCL 257.726(1) allows local authorities to pass an ordinance that prohibits trucks on specified routes. In March 2007, Oshtemo Township passed its Truck Route Ordinance, which prohibits heavy trucks from traveling on (1) 10th Street between both G and H

Avenues, (2) 10th Street between West Main Street and G Avenue, (3) 9th Street between West Main Street and H Avenue, and (4) H Avenue between 9th Street and Drake Road (collectively, the prohibited routes).[1] The prohibited routes are all county primary roads.

### B. OBJECTIONS TO THE TRUCK ROUTE ORDINANCE

Effective January 13, 2009, the Legislature amended MCL 257.726, adding subdivision (3).[2] MCL 257.726(3) allows a township to object to an adjoining township's truck route ordinance and provides that the county road commission will resolve the objection if the townships fail to resolve it.[3] In February 2009, Kalamazoo Township and Alamo Township challenged Oshtemo Township's truck route ordinance.

On May 21, 2009, after the parties failed to resolve the dispute, the Road Commission determined that the prohibited routes were primary roads and voided the ordinance. On June 4, 2009, Oshtemo Township filed in the Kalamazoo Circuit Court a claim of appeal and a complaint against the Road Commission, Alamo Township, and Kalamazoo Township, seeking a preliminary injunction and declaratory relief. Oshtemo Township asserted in pertinent part that (1) MCL 257.726(3) did not apply to the ordinance, (2) MCL 257.726(3) conflicts with Const 1963, art 7, § 22 and, because Oshtemo Township's ordinance was reasonable, the Road Commission improperly voided it, (3) MCL 257.726(3) unlawfully delegates authority to the Road Commission, and (4) MCL 257.726(3) does not contain adequate governing standards.

---

[1] Oshtemo Township Ordinances, §§ 153.005 and 153.006.

[2] 2008 PA 539.

[3] MCL 257.726(3).

In June 2009, the trial court granted Oshtemo Town-ship's request for a preliminary injunction on the basis that MCL 257.726(3) did not apply to the prohibited routes because there were no truck routes designated under the statutes to which MCL 257.726(3) refers. In April 2010, this Court determined that the mistaken reference was a scrivener's error, and remanded the case to the circuit court for further consideration.[4]

### C. OSHTEMO TOWNSHIP'S TRAFFIC CONTROL ORDER

On March 9, 2010, while this Court's decision concern-ing the preliminary injunction was pending, Oshtemo Township appointed James J. Valenta as its traffic engi-neer pursuant to the Michigan State Police's Uniform Traffic Code for Cities, Townships, and Villages, which Oshtemo Township had adopted in September 2003.[5] Valenta issued a traffic control order on April 13, 2010, under Rule 28.1151 of the Uniform Traffic Code. The traffic control order contained a truck route map, desig-nated specific roadways as truck routes, and prohibited commercial truck traffic from "all other roadways in the township . . . ." On April 13, 2010, Oshtemo Township adopted the traffic control order by resolution.

Kalamazoo Township and Alamo Township chal-lenged the traffic control order on the same grounds that they had challenged the ordinance, and argued that the Road Commission resolution voiding the ordi-nance also voided the traffic control order.

---

[4] *Oshtemo Charter Twp v Kalamazoo Co Rd Comm*, 288 Mich App 296; 792 NW2d 401 (2010) (The statute states that for purposes of MCL 257.726(3), "county primary road" means "a highway or street desig-nated as a county primary road pursuant to 1951 PA 51, MCL 247.671 to 247.675." Under the scrivener's error doctrine, we construed the phrase "MCL 247.671 to 247.675" as "MCL 247.651 to 247.675.").

[5] See MCL 257.951.

D. THE TRIAL COURT'S RULINGS

After this Court's remand, the Road Commission renewed its motion for summary disposition. In March 2011, the trial court heard oral argument concerning the validity of the traffic control order. The trial court determined that the traffic control order fell within the purview of MCL 257.726, and determined that MCL 257.726(3) gave the Road Commission the authority to resolve any conflict concerning the "respective rights and responsibilities of the various townships in relation to one another as to the appropriateness of particular traffic patterns." The trial court determined that the Road Commission's previous determination to void the ordinance also voided the traffic control order. The trial court ultimately concluded that MCL 257.726(3) was constitutional, and granted summary disposition in the Road Commission's favor concerning the traffic control order.

The trial court heard oral argument on April 18, 2011, concerning the Road Commission's decision to void the ordinance. The Road Commission contended that the "shall be final" language of MCL 257.726(3) precluded judicial review of its decision or, in the alternative, that the trial court could only review the decision for an abuse of discretion. Oshtemo Township argued that the trial court must at the least determine whether the Road Commission's decision was reasonable and whether it was authorized by law. Oshtemo Township argued that under these standards, the decision by the Road Commission conflicted with the Michigan Constitution's protection of a township's reasonable control over its roads, and that the burden was on the Road Commission to show that Oshtemo Township's decision was unreasonable.

The trial court found that MCL 257.726(3) was constitutional, and that the Road Commission was authorized to review and void the truck route ordinance. It determined that the statute, "in essence, provide[s] the County Road Commission with the authority to arbitrate . . . the dispute." It opined that it had to review the Road Commission's decision to void Oshtemo Township's ordinance for an abuse of discretion, and found that the Road Commission did not abuse its discretion when it voided Oshtemo Township's ordinance. Accordingly, the trial court granted summary disposition on the majority of Oshtemo Township's claims. On June 22, 2010, the parties dismissed Oshtemo Township's remaining claim by stipulation. Oshtemo Township now appeals.

### III. STANDARDS OF REVIEW ON APPEAL

This Court reviews de novo the trial court's decision to grant or deny a motion for summary disposition in an action for a declaratory judgment.[6] A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."[7] This Court reviews de novo issues of constitutional law.[8]

### IV. THE TRIAL COURT'S REVIEW

#### A. OSHTEMO TOWNSHIP'S RIGHT TO JUDICIAL REVIEW

Article 6, Section 28 of the Michigan Constitution provides that

---

[6] *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 512-513; 810 NW2d 95 (2011).

[7] See also *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

[8] *Harvey v Michigan*, 469 Mich 1, 6; 664 NW2d 767 (2003).

[a]ll final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law . . . .[9]

Alamo Township contends that Oshtemo Township has no right to claim an appeal under this constitutional provision because Oshtemo Township, as a public entity, has no "private rights or licenses." A private right is " 'a personal right, as opposed to the right of the public or the state.' "[10] Local governments may protect their specifically reserved constitutional rights on behalf of the public they represent.[11] As we will discuss, the Michigan Constitution has reserved to local governments the specific right at issue in this appeal—reasonable control of roads. Accordingly, we reject Alamo Township's argument that Oshtemo Township had no private right that the Road Commission's decision might affect.

### B. STANDARDS OF REVIEW IN THE TRIAL COURT

When an agency makes a decision without a contested case hearing, the trial court must review the agency's or officer's decision to determine whether the decision was authorized by law.[12] An agency's decision is not authorized by law if it violates a statute or consti-

---

[9] Const 1963, art 6, § 28.

[10] *Midland Cogeneration Venture LP v Naftaly*, 489 Mich 83, 93; 803 NW2d 674 (2011), quoting Black's Law Dictionary (8th ed), p 1348.

[11] See, e.g., *Oakland Co v Michigan*, 456 Mich 144, 167; 566 NW2d 616 (1997) (concerning standing).

[12] Const 1963, art 6, § 28; *Ross v Blue Care Network of Mich*, 480 Mich 153, 164; 747 NW2d 828 (2008).

tution, exceeds the statutory authority or jurisdiction of the agency, is made after unlawful procedures that result in material prejudice, or is arbitrary and capricious.[13] Courts—including trial courts reviewing an agency's decision—review de novo issues of constitutional law and statutory construction.[14]

### C. APPLYING THE STANDARDS

To the extent that the trial court determined that it could review the Road Commission's decision to void the ordinance for an abuse of discretion, it may have erred. The Road Commission did not hold a contested case hearing, and MCL 257.726 does not require one. Thus, the trial court should only have determined whether the Road Commission's decision was authorized by law. However, the trial court's possible application of an incorrect standard, when the case hinges on whether the agency's decision was authorized by law, was a harmless error.

In this case, Oshtemo Township filed both a claim of appeal and an action for a declaratory judgment. The trial court found that the Road Commission was not barred from voiding the ordinance by article 7, § 29 of the Michigan Constitution of 1963, that the Road Commission's action was authorized by MCL 257.726(3), that the Road Commission's decision was not arbitrary and capricious, and that the Road Commission did not act with bias. The trial court indicated that it was taking its guidance from other cases. Those cases clearly indicate that the trial court reviews these

---

[13] *Northwestern Nat'l Cas Co v Ins Comm'r*, 231 Mich App 483, 488; 586 NW2d 563 (1998).

[14] *City of Taylor v Detroit Edison Co*, 475 Mich 109, 115; 715 NW2d 28 (2006); *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 102; 754 NW2d 259 (2008).

issues under a de novo standard. Thus, we are not convinced that the trial court applied an improperly deferential standard—much less an abuse of discretion standard—to its determination that the agency's decision was authorized by law. In any event, we conclude that any application of an incorrect standard by the trial court in reviewing the Road Commission decision to void Oshtemo Township's ordinance was harmless.

### V. MCL 257.726(3) CONFLICTS WITH ARTICLE 7, § 29 OF MICHIGAN'S CONSTITUTION

#### A. LEGAL BACKGROUND

Agencies—such as county road commissions—do not have any inherent authority. An agency is limited in power and authority by its statutory enactment.[15] Agencies "are only allowed the powers that the Legislature chooses to delegate to them through statute."[16]

Somewhat similarly, townships possess only those powers that are expressly granted by or fairly implied from the Michigan Constitution or actions of the Legislature.[17] Local control over roads is one of the powers that the Michigan Constitution specifically grants to townships:[18] "Except as otherwise provided in this constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government."[19] Both townships and county road commissions have constitutional authority

---

[15] *People v Idziak*, 484 Mich 549, 584; 773 NW2d 616 (2009).

[16] *Herrick Dist Library v Library of Mich*, 293 Mich App 571, 582; 810 NW2d 110 (2011).

[17] *Hanselman v Wayne Co Concealed Weapon Licensing Bd*, 419 Mich 168, 187; 351 NW2d 544 (1984); *City of Taylor*, 475 Mich at 115.

[18] *City of Taylor*, 475 Mich at 116.

[19] Const 1963, art 7, § 29.

to exercise reasonable control of highways.[20] Thus, neither has exclusive control.[21] "[F]or some purposes, jurisdiction over its streets and roads remain[s] with the township."[22] For instance, a township does not need to obtain prior consent from a county road commission to enact an ordinance regulating truck traffic in the township.[23]

However, this Court has recognized that "if several townships each designate noncontiguous routes a 'chaotic patchwork' will ensue" that may render certain township ordinances unreasonable.[24] The Legislature has granted county road commissions the following authority in MCL 257.726(3):

> If a township has established any prohibition or limitation under [MCL 257.726(1)] on any county primary road that an adjoining township determines diverts traffic onto a border highway or street shared by the township and the adjoining township, the adjoining township may submit a written objection to the county road commission having jurisdiction over the county primary road, along with a copy to the township that established the prohibition or limitation, on or before the later of March 1, 2009, or 60 days after the township approves the prohibition or limitation. The written objection shall explain how the prohibition or limitation diverts traffic onto the border highway or street shared by the township and the adjoining township. The county road commission shall then investigate the objection. The township and adjoining township shall cooperate with that investigation and negotiate in good faith to resolve the objection. If the objection is not resolved

[20] Const 1963, art 7, § 29; Const 1963, art 7, § 16. See also *Turner v Washtenaw Co Rd Comm*, 437 Mich 35, 36; 467 NW2d 4 (1991).

[21] See *Robinson Twp v Ottawa Co Bd of Rd Comm'rs*, 114 Mich App 405, 411-412; 319 NW2d 589 (1982).

[22] *Id.* at 412.

[23] *Id.* at 414.

[24] *Id.* at 414-415.

within 60 days after the township receives the copy of the written objection, the county road commission has the authority to, and shall, either approve or void the prohibition or limitation that is the subject of the objection within 60 days thereafter, which decision shall be final. For purposes of this subsection, "county primary road" means a highway or street designated as a county primary road pursuant to 1951 PA 51, MCL 247.6[5]1 to 247.675.[25]

### B. APPLICATION

#### 1. THE PARTIES' CONTENTIONS

Alamo Township contends that the Legislature appears to have designed this statute to address the potential "chaotic patchwork" problem that this Court recognized in *Robinson Twp v Ottawa Co Bd of Rd Comm'rs*.[26] Oshtemo Township contends that the Legislature's attempt to address the problem, as written, conflicts with Const 1963, art 7, § 29, and because the Michigan Legislature cannot override the Michigan Constitution, the Road Commission's decision to void Oshtemo Township's ordinance under that statutory provision was not authorized by law.

Kalamazoo Township contends in its brief on appeal that the Road Commission's decision properly voided Oshtemo Township's ordinance because the ordinance—after the Road Commission's decision— was contrary to state law. However, Kalamazoo Township conceded at oral argument that the ordinance was not, on its face, contrary to state law. Because of the importance of this issue to Oshtemo Township's authority to enact its ordinance, we will briefly explain why Oshtemo Township's ordinance does not conflict with state law.

---

[25] See *Oshtemo Charter Twp*, 288 Mich App at 304.

[26] *Robinson Twp*, 114 Mich App at 414.

## 2. ORDINANCES MUST COMPLY WITH STATE LAW

"Michigan is strongly committed to the concept of home rule, and constitutional and statutory provisions which grant power to municipalities are to be liberally construed."[27] But Const 1963, art 7, § 29—which reserves certain authority to local governments—is explicitly subject to other constitutional provisions, including Const 1963, art 7, § 22.[28] Const 1963, art 7, § 22 "empowers cities and villages 'to adopt resolutions and ordinances relating to its municipal concerns, property and government, *subject to the constitution and law.*' "[29] The Michigan Supreme Court has interpreted this constitutional grant of authority to mean that a township retains control of its highways and may pass ordinances related to them, as long as those ordinances "do not contravene the State laws."[30] Thus, a local government may "exercise 'reasonable control' to regulate matters of local concern, but only in a manner and to the degree that the regulation does not conflict with state law."[31]

Const 1963, art 7, § 29, reserving to local units of government reasonable control over their highways, only empowers a township to enact an ordinance that does not conflict with state law. Therefore, if Oshtemo Township's ordinance conflicts with state law, then Oshtemo Township simply does not have authority to enact its ordinance.

---

[27] *Bivens v Grand Rapids*, 443 Mich 391, 400; 505 NW2d 239 (1993).

[28] *City of Taylor*, 475 Mich at 116.

[29] *Id.*, quoting Const 1963, art 7, § 22 (emphasis altered).

[30] *Fenton Gravel Co, Inc v Village of Fenton*, 371 Mich 358, 362; 123 NW2d 763 (1963), quoting *People v McGraw*, 184 Mich 233, 238; 150 NW 836 (1915) (emphasis omitted).

[31] *City of Taylor*, 475 Mich at 117-118.

### 3. OSHTEMO TOWNSHIP'S ORDINANCE DOES NOT CONFLICT WITH STATE LAW

An ordinance may conflict with state law in several fashions. Pertinent to this case, Oshtemo Township's ordinance could conflict with state law by conflicting with MCL 257.726(3) directly, or by conflicting with an agency's interpretation of state law. We conclude that Oshtemo Township's ordinance does not conflict with state law in either of these two fashions.

Obviously, an ordinance conflicts with state law when it directly conflicts with a statute.[32] In this case, Oshtemo Township's ordinance does not directly conflict with MCL 257.726, as subdivision (1) directly allows Oshtemo Township to pass an ordinance regulating truck routes. Nor does it conflict on its face with subdivision (3), which provides that the county road commission may approve or void such an ordinance.

An ordinance also conflicts with state law if it conflicts with a validly promulgated rule of an administrative agency.[33] In *City of Taylor v Detroit Edison Co*, for example, the Legislature had granted the Michigan Public Service Commission authority to promulgate rules to enforce, among other things, the placement of utility wires.[34] The commission promulgated rules that possibly conflicted with the City of Taylor's preexisting ordinance.[35] The commission argued that the City of Taylor's ordinance was required to yield to the commission's rules if they indeed conflicted.[36]

---

[32] *Fenton Gravel Co*, 371 Mich at 363.

[33] See *City of Taylor*, 475 Mich at 123-124.

[34] *Id*. at 118.

[35] *Id*.

[36] *Id*. at 119.

The Michigan Supreme Court held that, to the extent that the Taylor ordinance conflicted with the commission's rules, the ordinance might not be valid because it conflicted with state law.[37] In reaching its decision, the Court stated that the cases supporting the City of Taylor's position "were decided before the [commission's] promulgation of rules regarding the underground relocation of wires. Thus, there was no state law for the municipal action to conflict with."[38] The Michigan Supreme Court's decision in *City of Taylor* clearly hinged on the commission's authority, delegated to it by the Legislature, to promulgate rules that then became state law.

In this case, the Legislature has *not* conferred the authority to promulgate rules on local road commissions. In arguing that Oshtemo Township has no right to judicial review, Alamo Township asserts in its brief on appeal that the Road Commission "is not a 'state board, commission or agency' authorized under the laws of this State to promulgate rules from which an appeal or other judicial review has not otherwise been provided by law . . . . [The Road Commission] certainly is not . . . authorized to promulgate rules . . . ." And MCL 257.726 does not itself grant county road commissions the authority to promulgate rules to enforce its provisions.

We conclude that Oshtemo Township's ordinance does not conflict with state law, either directly or by conflicting with an agency's interpretation of state law.

### 4. MCL 257.726(3) IS UNCONSTITUTIONAL AS APPLIED

We conclude that MCL 257.726(3) is unconstitutional as applied to a reasonable township traffic control

---

[37] *Id.* at 123-124.

[38] *Id.* at 119 (citations omitted).

ordinance because the authority that it purports to grant to county road commissions conflicts with article 7, § 29 of the Michigan Constitution. As this Court has recently recognized, "when a statute contravenes the provisions of the state constitution it is unconstitutional and void."[39] The Legislature's authority does not extend to eradicating constitutional guarantees.[40]

The Michigan Supreme Court has held that the Legislature exceeds its authority when it attempts to prevent municipalities from adopting reasonable traffic regulations, which are explicitly authorized by the Michigan Constitution, when the regulations do not conflict with state law.[41] In *City of Dearborn v Sugden & Sivier, Inc*, the former version of MCL 257.726 was at issue,[42] which provided that local authorities could limit the weight of trucks on highways "except State trunkline highways . . . ."[43] After the defendant was ticketed for an excessive axle load, it challenged the ordinance, arguing that the city had inappropriately placed a weight limit on a trunk-line highway.[44] Noting that the reasonableness of the ordinance was not at issue and that "[i]t does not assume to authorize conduct by those using its streets and highways of a character forbidden by general State law," the Court held that "the legislature exceeded its authority in undertaking to prevent municipalities from adopting" such an ordinance.[45]

---

[39] *AFSCME Council 25 v State Employees Retirement Sys*, 294 Mich App 1, 15; 818 NW2d 337 (2011).

[40] See *Midland Cogeneration Venture*, 489 Mich at 94 ("The legislature may not eradicate a constitutional guarantee . . . .").

[41] See *City of Dearborn v Sugden & Sivier, Inc*, 343 Mich 257; 72 NW2d 185 (1955).

[42] See 1994 PA 300.

[43] *Id.* at 259, quoting former MCL 257.726, as set forth in 1949 PA 300.

[44] *Id.* at 259-260.

[45] *Id.* at 265-267.

We conclude that the Legislature has exceeded its authority to the extent that it has purported to grant a county road commission the authority to void a township's reasonable traffic control ordinance. At the very least, the road commission must determine that the township's ordinance is unreasonable before it may void the ordinance. In this case, despite the parties' proffered evidence concerning the reasonableness of the ordinance before the Road Commission, it did not determine that the ordinance was unreasonable when it resolved to void it. And when before the trial court, the Road Commission, Kalamazoo Township, and Alamo Township did not even attempt to demonstrate that Oshtemo Township's traffic control ordinance was unreasonable. Thus, we conclude that MCL 257.726(3) was unconstitutional as applied.

### VI. DELEGATION OF LEGISLATIVE AUTHORITY

Finally, we need not reach the merits of Oshtemo Township's argument concerning the validity of the Legislature's delegation of authority because of our previous conclusion. But we do note that if a road commission's decision to "approve or void" an ordinance were not limited to voiding those ordinances that are unreasonable, the complete lack of standards contained in the statute would very likely render it a constitutionally deficient delegation of authority. The Legislature " 'may delegate to an administrative body the power to make rules and decide particular cases . . . .' "[46] Delegations of legislative authority include delegations of rulemaking authority and "referral statute[s]," which allow an agency to determine whether a fact has

---

[46] *Herrick Dist Library*, 293 Mich App at 580, quoting *West Virginia ex rel Dyer v Sims*, 341 US 22, 30; 71 S Ct 557; 95 L Ed 713 (1951).

occurred that triggers the statute's operation.[47] But in such delegations, "[a] complete lack of standards is constitutionally impermissible."[48]

In terms of a delegation of legislative authority, MCL 257.726(3) rests on very unsteady ground. In *Blue Cross & Blue Shield of Mich v Governor*, the Michigan Supreme Court held that the Legislature's instruction to the Insurance Commissioner to "either 'approve' or 'disapprove' " risk factors proposed by healthcare corporations, without any guiding standards, was not a constitutionally permissible delegation of legislative authority.[49]

This case is extremely similar to *Blue Cross & Blue Shield of Mich*. Here, MCL 257.726 contains neither factors for the road commission to consider when determining whether to "approve or void" an ordinance nor guiding standards, even in the form of a generalized statement of public policy. Thus, even if MCL 257.726(3) did not conflict with Const 1963, art 7, § 22 as applied to a reasonable traffic control ordinance, we are extremely skeptical that it would pass constitutional muster as, on its face, it would appear to confer unlimited discretion, without guiding standards, on county road commissions.

### VII. CONCLUSION

We conclude that MCL 257.726(3) conflicts with Const 1963, art 7, § 22 to the extent that it purports to grant county road commissions the authority to void a

---

[47] *Taylor v Gate Pharmaceuticals*, 468 Mich 1, 10; 658 NW2d 127 (2003). See also *In re Complaint of Rovas Against SBC Mich*, 482 Mich at 101.

[48] *Blue Cross & Blue Shield of Mich v Governor*, 422 Mich 1, 55; 367 NW2d 1 (1985).

[49] *Id.* at 52.

township's reasonable traffic control ordinance when that ordinance does not conflict with state law. In this case, the Road Commission did not determine that Oshtemo Township's ordinance is unreasonable. Thus, the Road Commission's decision violated the Michigan Constitution, and the trial court erred when it determined that the Road Commission's decision to void Oshtemo Township's traffic control ordinance under MCL 257.726(3) was authorized by law. Given our conclusions, we need not reach Oshtemo Township's remaining issues.

We reverse and remand for entry of summary disposition in favor of Oshtemo Township. Because this appeal does not involve a determination in a contested case, we may not remand to the Road Commission for additional fact-finding because our review is limited to the administrative record.[50] However, we do not preclude Kalamazoo and Alamo Townships from bringing a new challenge to Oshtemo Township's ordinance. The trial court should specify in its order for dismissal that this is not an adjudication on the merits for the purposes of res judicata.[51] We do not retain jurisdiction. Oshtemo Township, having prevailed in full, may tax costs under MCR 7.219(A).

SERVITTO, P.J., and WHITBECK and SHAPIRO, JJ., concurred.

---

[50] See *Mich Ass'n of Home Builders v Dep't of Labor & Economic Growth Director*, 481 Mich 496; 750 NW2d 593 (2008).

[51] See MCR 2.504(B)(3).