# STATE OF MICHIGAN

# COURT OF APPEALS

SHAKEETA SIMPSON, as Personal
Representative of the ESTATE OF ANTAUN
SIMPSON,

       Plaintiff-Appellant,

and

SHAKEETA SIMPSON,

       Plaintiff,

v

ALEX PICKENS, JR. & ASSOCIATES, M.D.,
P.C., doing business as PICKENS MEDICAL
CENTER, BRIGHTMOOR GENERAL
MEDICAL CENTER INC., doing business as
BRIGHTMOOR-PICKENS MEDICAL CENTER,
ALEX PICKENS JR., M.D., and LINDA S.
HARTMAN, P.A.,

       Defendants-Appellees.

FOR PUBLICATION
June 16, 2015
9:00 a.m.

No.   320443
Wayne Circuit Court
LC No.   13-000307-NH

Before:  METER, P.J., and CAVANAGH and WILDER, JJ.

CAVANAGH, J.

Shakeeta Simpson, as the personal representative of the estate of Antaun Simpson, appeals as of right an order granting partial summary disposition in favor of defendants and dismissing the wrongful-death claim brought on behalf of her decedent.[1]  We reverse.

In this wrongful-death action, it was alleged that defendants were negligent in the prenatal care and treatment of Simpson, which caused the premature birth and death of the decedent, Simpson's nonviable fetus, Antaun, at 18.2 weeks gestation.  In particular, Simpson

---

[1] Shakeeta Simpson brought claims on her own behalf, but those individual claims were dismissed by stipulated order and are not subject to this appeal.

-1-

suffered a miscarriage allegedly because her physician, defendant Alex Pickens, Jr., failed to perform a cerclage despite knowing that Simpson had two previous pregnancy losses as a consequence of cervical insufficiency.

Defendants filed a motion for partial summary disposition of the wrongful-death claim pursuant to MCR 2.116(C)(8) and (C)(10), arguing that dismissal was required under MCL 600.2922a because plaintiff alleged that an omission—the failure to perform a cerclage—caused her decedent's injuries. Defendants argued that, in *Johnson v Pastoriza*, 491 Mich 417, 436-440; 818 NW2d 279 (2012), our Supreme Court held that to state a cause of action under MCL 600.2922a, an "affirmative or positive act" must be alleged, not merely an omission or failure to act. Further, defendants argued, "the amendment of MCL 600.2922 to reference MCL 600.2922a does not change the essential nature of the underlying claim brought under MCL 600.2922a. That is, the essential elements of a claim brought under MCL 600.2922a remain the same, including the need to establish 'an affirmative or positive act' to state a valid cause of action." Accordingly, defendants argued that the wrongful-death claim should be dismissed.

Plaintiff responded, arguing that MCL 600.2922a was not applicable here because this is a wrongful-death action brought on behalf of the decedent, a nonviable fetus, for injuries resulting in death. The underlying theory of liability is medical malpractice, not MCL 600.2922a. A wrongful-death claim brought under MCL 600.2922 imposes liability for death caused by a "wrongful act, neglect, or fault of another"; thus, alleged acts of omission are sufficient to state a claim and to establish liability.

The trial court agreed with defendants, holding that MCL 600.2922a must be incorporated into MCL 600.2922 because that statute refers to "death as described in 2922a." Further, the court held, an affirmative act must be alleged to state a claim under MCL 600.2922a and plaintiff only alleged that an omission occurred. Therefore, defendants were entitled to summary disposition of the wrongful-death claim.

The sole issue on appeal is whether this wrongful-death action was properly dismissed on the ground that plaintiff failed to allege that defendants committed an affirmative act as required for actions brought under MCL 600.2922a. We conclude that dismissal was improper, and reverse.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Spiek v Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). It appears the trial court granted defendants' motion under MCR 2.116(C)(8), after concluding that plaintiff's complaint failed to state a claim upon which relief could be granted. A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint and may be granted only when the claim alleged is "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

The resolution of this matter requires the interpretation of statutory provisions. We review issues of statutory construction de novo. *Herald Co v Bay City*, 463 Mich 111, 117; 614 NW2d 873 (2000). The rules of statutory interpretation are well-established. The primary goal is to discern the intent of the Legislature. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205; 815 NW2d 412 (2012). The best indicator of that intent is the language of the statute; thus, words are

given their common and ordinary meaning. *Id*. at 205-206. Statutory language must be read and understood in its grammatical context, and effect should be given to every phrase, clause, and word in the statute. *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). No word should be treated as surplusage or rendered nugatory. *Baker v General Motors Corp*, 409 Mich 639, 665; 297 NW2d 387 (1980). Where statutory language is unambiguous, "further construction is neither required nor permitted." *Joseph*, 491 Mich at 206. Only when the statutory language is ambiguous "is it proper for a court to go beyond the statutory text to ascertain legislative intent." *Whitman v City of Burton*, 493 Mich 303, 312; 831 NW2d 223 (2013). A statute is not rendered ambiguous merely because reasonable minds may differ regarding its meaning. *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004). "Rather, a provision of the law is ambiguous only if it 'irreconcilably conflict[s]' with another provision . . . or when it is *equally* susceptible to more than a single meaning." *Id*., quoting *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003) (Emphasis in original). Such a finding should be arrived at "only after 'all other conventional means of [ ] interpretation' have been applied and found wanting." *Lansing Mayor*, 470 Mich at 165, quoting *Klapp*, 468 Mich at 474.

This is a wrongful-death action brought on behalf of the deceased nonviable fetus. The injuries alleged are those of the nonviable fetus and the underlying theory of liability is medical malpractice. Because it was alleged that the injuries to the nonviable fetus resulted in death, this action had to be brought under the wrongful-death act, MCL 600.2922, which "provides the exclusive remedy under which a plaintiff may seek damages for a wrongfully caused death." *Jenkins v Patel*, 471 Mich 158, 164; 684 NW2d 346 (2004); see also MCL 600.2921. "[T]he wrongful-death act is essentially a 'filter' through which the underlying claim may proceed." *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 88; 746 NW2d 847 (2008). In other words, for example, "a wrongful death action grounded in medical malpractice is a medical malpractice action in which the plaintiff is allowed to collect damages related to the death of the decedent." *Jenkins*, 471 Mich at 165-166. Therefore, statutory and common-law limitations, like the noneconomic-damages cap applicable in medical malpractice actions, apply to wrongful-death actions. *Wesche*, 480 Mich at 90.

The wrongful-death act, MCL 600.2922, provides:

> (1) Whenever the death of a person, injuries resulting in death, or death as described in section 2922a shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or death as described in section 2922a, and although the death was caused under circumstances that constitute a felony.

There is no dispute in this case that a wrongful-death action may be brought on behalf of a nonviable fetus. Before an amendment to MCL 600.2922(1) in 2005, however, a wrongful-death

action brought on behalf of a nonviable fetus was not cognizable.[2]  That was so because, prior to the 2005 amendment, MCL 600.2922(1) provided:  "Whenever the death of a person or injuries resulting in death shall be caused . . . ."  Thus, a wrongful-death action could not be based on the death of an embryo or nonviable fetus.  See *Thomas v Stubbs*, 455 Mich 853; 564 NW2d 463 (1997); *Toth v Goree*, 65 Mich App 296, 304; 237 NW2d 297 (1975).  In *Johnson*, our Supreme Court recognized that "[b]efore the 2005 amendment of the wrongful-death statute, a plaintiff could not bring an action under MCL 600.2922 for the death of a nonviable fetus." *Johnson*, 491 Mich at 433.

While there is no dispute that a wrongful-death action may be brought on behalf of a nonviable fetus, there is a dispute regarding the meaning, and operation, of the 2005 amendatory language.  As amended, MCL 600.2922(1) provides:  "Whenever the death of a person, injuries resulting in death, *or death as described in section 2922a* shall be caused . . . ."  (Emphasis supplied to highlight amendatory language).  Defendants argued in the trial court that, in light of the amendatory language, plaintiff brought this action under § 2922a, which must be incorporated in its entirety into § 2922.  The trial court agreed with defendants, holding that MCL 600.2922a must be incorporated into MCL 600.2922.  Essentially, then, the trial court concluded that MCL 600.2922 should be read as follows:

> (1) Whenever the death of a person, injuries resulting in death, or death as described in section 2922a ["[a] person who commits a wrongful or negligent act against a pregnant individual is liable for damages if the act results in a miscarriage or stillbirth by that individual or physical injury to or the death of the embryo or fetus"] shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or death as described in section 2922a, and although the death was caused under circumstances that constitute a felony.

We do not agree with the trial court's interpretation.

It is clear by a plain reading of MCL 600.2922 that the amendatory language refers to another death that is actionable under the wrongful-death statute—the "death as described in section 2922a."  Thus, we turn to MCL 600.2922a, which provides:

> (1) A person who commits a wrongful or negligent act against a pregnant individual is liable for damages if the act results in a miscarriage or stillbirth by that individual or physical injury to or the death of the embryo or fetus.

---

[2] MCL 600.2922(1) was amended by 2005 PA 270, which took effect on December 19, 2005.

There is no ambiguity; the "death as described in section 2922a" is the death of an embryo or fetus. No other "death" is described in § 2922a.[3] The statutory language is not equally susceptible to more than this single meaning. See *Lansing Mayor*, 470 Mich at 166. The amendatory language merely differentiates between the death of "a person" as construed under MCL 600.2922[4] and the deaths of an embryo or fetus. According to the 2005 amendment, the first requirement for a wrongful-death action—that there be a death—is satisfied when the death is of an embryo or fetus.[5] And that is the extent of the impact this amendment had on the wrongful death statute; it merely expanded the scope of actionable deaths to include the death of an embryo or fetus.[6] The trial court's interpretation of the amendatory language as incorporating the entirety of one statute into the other statute contravenes our long-standing rules of statutory interpretation that: statutory language is to be read and understood in its grammatical context; words are to be accorded their plain and ordinary meaning; and no word should be treated as surplusage or rendered nugatory. See *Joseph*, 491 Mich at 206; *Sun Valley Foods Co*, 460 Mich at 237; *Baker*, 409 Mich at 665.

Neither defendants nor the trial court provided any sound legal basis for treating a wrongful-death action brought on behalf of an embryo or fetus any differently than a wrongful-death action brought on behalf of "a person." Again, the first requirement for a wrongful-death action is a death. The second requirement is that the death "be caused by wrongful act, neglect, or fault of another." The third requirement is that the "wrongful act, neglect, or fault of another" be such that, if death had not ensued, a cause of action could have been filed against the responsible party and damages recovered from them. See MCL 600.2922. As our Supreme Court noted in *O'Neill v Morse*, 385 Mich 130, 133; 188 NW2d 785 (1971), the "obvious purpose" of the wrongful-death statute "is to provide an action for wrongful death whenever, *if death had not ensued*, there would have been an action for damages." (Emphasis in original). In other words, the action brought on behalf of the deceased is the same legal action—with all of its statutory and common-law limitations—that the deceased could have brought if the injuries the deceased sustained because of the wrongful act, neglect, or fault of another had not caused death. See *Wesche*, 480 Mich at 90-91; *Hardy v Maxheimer*, 429 Mich 422, 438-439; 416 NW2d 299

---

[3] We note that the death of either an embryo or nonviable fetus is generally considered a "miscarriage" and a "stillbirth" is "the birth of a dead fetus." *Merriam-Webster's Collegiate Dictionary* (2014).

[4] See *McClain v Univ of Mich Bd of Regents*, 256 Mich App 492, 495; 665 NW2d 484 (2003) ("[A]n action for wrongful death . . . cannot be brought on behalf of a nonviable fetus, because a nonviable fetus is not a "person" within the meaning of the wrongful-death act.")

[5] Although a wrongful-death action could not be filed on behalf of an embryo or nonviable fetus prior to this amendment to MCL 600.2922(1), a wrongful-death action could be filed on behalf of a *viable* fetus for prenatal injuries that caused death. See *O'Neill v Morse*, 385 Mich 130, 132, 139; 188 NW2d 785 (1971); *Jarvis v Providence Hosp*, 178 Mich App 586, 590-591; 444 NW2d 236 (1989).

[6] Because the statutory language is not ambiguous, we may not go beyond the statutory text and consider legislative history; the intent is clear. See *Whitman*, 493 Mich at 312.

(1987). The nature and purpose of this type of action does not change because it is the death of an embryo or fetus giving rise to the wrongful-death action.

Further, contrary to defendants' argument, a wrongful-death action brought on behalf of an embryo or fetus is not required to be construed as "brought under § 2922a" because of the amendatory language at issue. As our Supreme Court noted in *Johnson*, MCL 600.2922a "is separate from the wrongful-death statute." *Johnson*, 491 Mich at 422-423. While MCL 600.2922a does recognize as actionable certain prenatal injuries—miscarriage, stillbirth, and physical injury to, or the death of, an embryo or fetus—it does not require that the prenatal injuries result in death to be actionable. Thus, for example, the "pregnant individual" and the child who suffered but survived injury in utero[7] may pursue statutory causes of action under MCL 600.2922a for such prenatal injuries. See, e.g. *Johnson*, 491 Mich at 433 n 36. However, a legal action for injuries resulting in death brought on behalf of a deceased person, fetus, or embryo must be brought under the wrongful-death statute, MCL 600.2922, which provides the exclusive remedy. See MCL 600.2921; *Jenkins*, 471 Mich at 164.

We also reject defendants' argument that the Supreme Court's holding in *Johnson* is applicable here. The circumstances in this case are clearly distinguishable. In that case, a wrongful-death action could not be brought on behalf of the deceased fetus because the injuries resulting in death occurred before the effective date of the amendatory language at issue in this case. *Johnson*, 491 Mich at 420-421. Here, the cause of action arose after the effective date of the amendatory language so, as the *Johnson* Court acknowledged, "the representative of the fetus's estate is now able to file a wrongful-death claim on the basis of the fetus's death." *Id.* at 433. A "wrongful-death claim" was clearly distinguished from a claim brought under MCL 600.2922a. *Id.* at 420, 433.

In summary, Simpson brought a wrongful-death action on behalf of her decedent and it was grounded in medical malpractice. This action was not brought pursuant to MCL 600.2922a and it need not be considered a statutory cause of action brought under MCL 600.2922a. Therefore, Simpson was not required to allege that defendants committed an affirmative or positive act that caused her decedent's death in order to state a claim under MCL 600.2922. To the contrary, under the wrongful-death statute, MCL 600.2922(1), a cause of action may be brought when death "is caused by wrongful act, neglect, or fault of another . . . ." As the *Johnson* Court explained, the "more expansive terms 'neglect' and 'fault of another' that [the Legislature] included in MCL 600.2922(1) [ ] permit liability on the basis of omissions." *Johnson*, 491 Mich at 437. And, here, the alleged "omission" that caused plaintiff's decedent's death was the failure to perform a cerclage; therefore, plaintiff stated a valid cause of action under MCL 600.2922. Accordingly, the trial court's order granting defendants' motion for partial summary disposition of this wrongful-death action is reversed.

---

[7] We note that before MCL 600.2922a was enacted, a common-law negligence action could be brought on behalf of a surviving child who sustained injuries in utero during pregnancy. *Womack v Buchhorn*, 384 Mich 718, 719, 725; 187 NW2d 218 (1971).

Reversed and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Kurtis T. Wilder