*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UKPAI I. UKPAI,

       Plaintiff-Appellant,

v

JULIAN M. LEVANT and LEVANT & LEVANT
ATTORNEYS AT LAW,

       Defendants-Appellees.

UNPUBLISHED
February 25, 2021

No. 349888
Oakland Circuit Court
LC No. 2017-161356-NM

Before: GLEICHER, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Plaintiff, appearing *in propria persona*, appeals as of right the judgment in his favor following a bench trial in this action arising from a claim of legal malpractice against defendants[1] for failing to perfect and pursue a district court appeal. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of summary proceedings involving a landlord-tenant dispute that resulted in a judgment of possession against plaintiff, which led to his eviction from the leased premises pursuant to a writ of restitution. Plaintiff rented commercial space from Laurence Wolf pursuant to a lease agreement that required plaintiff to pay rent monthly, in advance, on the first day of the month. Plaintiff planned to operate a coffee shop in the space, but he and Wolf disagreed about the renovations. Plaintiff began falling behind in his rent. After plaintiff failed to timely pay his March rent, Wolf gave plaintiff a 30-day "Notice to Quit Termination of Tenancy" indicating Wolf's intent to terminate the lease and evict plaintiff if he failed to make his default current by April 10, 2015. According to plaintiff, he cured the default, pursuant to the notice, by

---

[1] Attorney Julian Levant testified that the law practice no longer operated as a limited liability corporation following his daughter's death, and he conducted business in the corporate name only. Thus, our reference to "Levant" is to the individual attorney.

tendering payment to Wolf on April 10, 2015 with a personal check, but Wolf refused to negotiate it and proceeded to initiate summary proceedings for possession. Wolf alleged in the complaint that plaintiff's lease was in default and was terminated per its terms, that Wolf served a 30-day termination notice, and that plaintiff failed to cure the default. After a hearing, the district court entered a judgment granting Wolf possession of the premises. The district court denied plaintiff's subsequent motion for relief from the judgment, and he appealed to the circuit court, with Levant acting as his appellate attorney. Opining that plaintiff's appeal was moot for various reasons, Levant ultimately abandoned it, resulting in a procedural dismissal for nonprogress.[2] Thereafter, plaintiff filed this multicount complaint against Levant, alleging legal malpractice, breach of fiduciary duty, intentional and negligent misrepresentation, and intentional and negligent infliction of emotional distress. Following the admission of testimony and exhibits, the trial court ruled that Levant breached his fiduciary duty to plaintiff and committed intentional and negligent misrepresentation, but that plaintiff failed to prove that Levant committed legal malpractice. Accordingly, the trial court found for plaintiff on the claim of negligent misrepresentation and awarded plaintiff damages of $1,175, the amount of Levant's legal fee, and emotional damages of $750.

## I. STANDARD OF REVIEW

"This Court reviews a trial court's findings of fact in a bench trial for clear error and reviews de novo its conclusions of law." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 651-652; 662 NW2d 424 (2003). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court is left with the definite and firm conviction that a mistake has been made." *Id*. at 652. "An appellate court will give deference to the trial court's superior ability to judge the credibility of the witnesses who appeared before it." *Id*. (quotation marks and citation omitted).

## II. LEGAL MALPRACTICE

Plaintiff first contends that the trial court erred in ruling that he failed to prove his legal malpractice claim. We disagree.

The elements of a legal malpractice action are "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Charles Reinhart Co v Winiemko*, 444 Mich 579, 585-586; 513 NW2d 773 (1994) (quotation marks and citation omitted). A plaintiff "must prove professional negligence, i.e., that counsel failed to exercise reasonable skill, care, discretion, and judgment in the conduct and management of the underlying case." *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 424; 551 NW2d 698 (1996). "The plaintiff also must establish that, but for the negligence, the outcome of the case would have

---

[2] Levant shared office space with attorney Raymond Salloum, and Salloum introduced Levant to plaintiff. Salloum unsuccessfully sought relief from judgment in the landlord-tenant dispute. Levant apparently was brought in to pursue the appeal. Levant attributed his lack of communication and contact with plaintiff to his contention that Salloum remained plaintiff's primary counsel. Therefore, Levant conveyed information to Salloum.

been favorable to the plaintiff." *Id*. "This 'suit within a suit' concept applies when 'the alleged negligent conduct involves the failure of an attorney to properly pursue an appeal.' " *Bowden v Gannaway*, 310 Mich App 499, 503; 871 NW2d 893 (2015).

In the present case, the trial court concluded that plaintiff could not establish that the appeal of the landlord-tenant district court action would have been resolved in his favor, but for any negligence by Levant, stating:

> Plaintiff has proven for legal malpractice a duty, a breach of that duty, but Plaintiff has, in all due respect and in this Court's opinion, failed to prove damages [sic]. Plaintiff has fallen short of proving by a preponderance of the evidence that his motion for relief had merit . . . a prerequisite to a viable appeal, because Plaintiff has failed to prove that the judgment of . . . possession was improper, . . . a prerequisite to a viable motion for relief. Plaintiff has failed to prove by a preponderance of the evidence that the proofs were even offered in the summary proceeding that [plaintiff] tendered payment to Wolf, that payment by a check was acceptable under the lease, and so on and so on.

> To prevail in this case, Plaintiff must show the reasons for the error of the court in granting possession in the first place. That requirement was wholly omitted from this case.

We agree with the trial court that plaintiff failed to carry his burden of proving that Levant's negligent representation proximately caused him to lose possession of the premises, including his lost investment and business opportunity and resultant damages. "Often the most troublesome element of a legal malpractice action is proximate cause." *Charles Reinhart Co*, 444 Mich at 586. It requires that a plaintiff "establish that the defendant's action was a cause in fact of the claimed injury." *Id*. "Hence, a plaintiff must show that *but for* the attorney's alleged malpractice, he would have been successful in the underlying suit." *Id*. (quotation marks and citation omitted); see also *Radtke*, 453 Mich at 424.

Here, it cannot be reasonably disputed that Levant's negligent conduct in deliberately abandoning plaintiff's appeal resulted in its dismissal. At issue was whether the appeal would have succeeded if Levant had properly pursued it. See *Charles Reinhart Co*, 444 Mich at 589, 604. Plaintiff claims that the judgment of possession was improper because he timely paid the rent necessary to cure the default under the lease as required pursuant to the notice to terminate his tenancy. In light of his payment, plaintiff contends that the district court improperly denied his motion for relief from that judgment, and in turn, his appeal would have succeeded if Levant had pursued it.

However, plaintiff failed to present the district court transcripts to establish the reason why the district court granted possession to Wolf in the first instance, making it difficult, if not impossible, to establish that the district court erred. In light of his failure to delineate and challenge the basis of the trial court's ruling, plaintiff failed to satisfy the suit within a suit requirement. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004).

Nonetheless, plaintiff contends that he cured his March default by tendering payment on April 10, 2015, and that his personal check was acceptable on the basis of the parties' course of dealing, and thus that the judgment of possession was erroneously entered. However, plaintiff did not establish that he offered such proof *in the summary district court proceeding*, without which he could not establish that the judgment of possession was erroneous. The failure to demonstrate that he proffered this evidence and argument before the district court prevented the trial court from determining whether an appeal of the district court decision would have been successful.[3] Furthermore, contrary to plaintiff's contention, his witnesses did not testify that his appeal would have been successful. The trial court did not clearly err in determining that plaintiff failed to meet the suit within a suit requirement. See *Ambs*, 255 Mich App at 651.

## III. DAMAGES AWARD

Plaintiff next contends that the award of damages did not adequately compensate him for his injuries from Levant's conduct in his representation. We disagree.

First, we reject plaintiff's argument that the damage award of $1,175 did not adequately compensate him for Levant's *malpractice* in representing him in his appeal, and that he is entitled to recover all damages that are a consequence of Levant's representation. As noted, plaintiff did not obtain a recovery for legal malpractice and failed to demonstrate that any negligence in the lack of pursuit of the district court appeal caused plaintiff's lost investment and business opportunity.[4]

We also reject plaintiff's contention that the trial court's award of $750 for his emotional damages was inadequate.

"Mental anguish damages" are "damages for mental pain and anxiety which naturally flow from the injury." *Ledbetter v Brown City Savings Bank*, 141 Mich App 692, 703; 368 NW2d 257 (1985). "Mental anguish" encompasses emotional pain and suffering, fright and shock, embarrassment, humiliation, or mortification. *McClain v Univ of Mich Bd of Regents*, 256 Mich App 492, 498-499; 665 NW2d 484 (2003), superseded by statute on other grounds as noted in

---

[3] We note that there is evidence in the lower court record that Wolf declined to accept plaintiff's personal check, citing prior return of those checks for insufficient funds and a purported admission by plaintiff that there was insufficient funds to cover the April 10, 2015 payment. Because plaintiff failed to provide the district court transcripts, it is unknown if the district court took sworn testimony from Wolf regarding this issue. Indeed, during the course of the lease, plaintiff did not timely render payment on multiple occasions, and Wolf notified him of the intention to quit. Although plaintiff submitted a check and made allegations that he was not in arrears, he failed to submit his banking records to support his claim. Moreover, the April 10, 2015 payment was for March rent, and there was no indication that plaintiff made the April 1, 2015 rent payment.

[4] Although not challenged in the brief on appeal, we conclude that the damage award for negligent misrepresentation of $1175 equal to the fee paid Levant reasonably compensated plaintiff's injury for Levant's misrepresentation and breach of fiduciary duty because it made him whole. See *Phinney v Verbrugge*, 222 Mich App 513, 532; 564 NW2d 532 (1997).

*Simpson v Pickens*, 311 Mich App 127, 135 n 6; 874 NW2d 359 (2015). "[T]he question is whether the mental suffering and injury to feelings are natural and proximate in view of the nature of the defendant's conduct." *Green v Evans*, 156 Mich App 145, 153; 401 NW2d 250 (1985).

We agree with the trial court's conclusion that plaintiff suffered mental anguish from Levant's abandonment of the appeal without notice and his failure to apprise plaintiff of the dismissal for months. Plaintiff testified concerning his shock, disillusionment, and anger when Levant told him months after the fact that his appeal had been dismissed, and that he continued to find the situation "traumatic" and upsetting, and beyond his understanding. Plaintiff's mental anguish thus naturally flowed from Levant's conduct in breaching his fiduciary duty as an advocate after making misrepresentations about the success of the appeal upon which plaintiff relied. See *Ledbetter*, 141 Mich App at 703. Although plaintiff contends that the amount of the award was insufficient, the trial court expressly noted that it could not award damages for the distress stemming from sources apart from Levant's conduct, such as his grief from Wolf, his loss of employment, and the outcome of the district court litigation caused by his own failure to pay rent on time. Plaintiff did not offer any reason why the damage award did not adequately compensate him for the emotional anguish suffered as the result of Levant's conduct, and this Court will not "set aside a nonjury award merely on the basis of a difference of opinion." *Marshal Lasser, PC v George*, 252 Mich App 104, 110; 651 NW2d 158 (2002) (quotation marks and citation omitted). Giving deference to the trial court's superior ability to judge the credibility of the witnesses before it, *Ambs*, 255 Mich App at 652, we cannot conclude that the trial court clearly erred in the amount of the emotional damages it awarded.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan